## STATE vs. MARTIN.

The middle name of a person is no part of the christian name.

## ERROR to Platte Circuit Court.

STRINGFELLOW, *for the State, insists:*

That it is not necessary to set out all the names of the defendant; it is sufficient to set out one of the christian names. The plea admits that the name set out is the true name, but is not all the name. This is unnecessary, and the plea was bad.

HAYDEN & WILSON, *for Defendant.*

The defendant insists that although the State might have replied that defendant was known as well by the name of "William" as "John William," yet the plea being good on its face, the Court below committed no error in overruling the demurrer. See 1 Chitty's Pleading. 1 Chitty's Crim. Law.

McBRIDE, J., *delivered the opinion of the Court.*

Martin was indicted by the grand jury of Platte County for gaming, by the name of William Martin. He pleaded in abatement that "he was named and is called John William Martin," &c. To this plea the Circuit Attorney filed a general demurrer, which was overruled by the Circuit Court, and the case is brought here by the State on writ of error.

It has been held, and we think correctly, that the middle name of an individual forms no part of the christian name. If this be correct, then the indictment cannot be sustained, as it only sets out the middle name, and does not give the christian name at all. Difficulties and confusion frequently arise growing out of the multiplicity of names given to individuals, and by which they are known: to obviate this, they should be named as they are generally called in society, and then if they plead in abatement, the plaintiff can reply the fact and maintain his action. See 5 D. & E. 195, where the defendants' christian names were transposed, and the transposition held bad on demurrer.

Judgment affirmed.