Beckner v. McLinn.

BECKNER v. McLINN *et al., Appellants.*

DIVISION TWO.

1. **Practice :** ORDER OF PUBLICATION : MIDDLE NAME. An order of publication against a non-resident which incorrectly states the initial letter of her middle name is not for that reason insufficient.

2. **Judgment :** JURISDICTION. A judgment of a court having jurisdiction of the person and subject-matter is not collaterally assailable.

3. **Homestead :** PARTITION. Where a homestead is apart only of an estate held in common, it is subject to proceeding in partition.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*W. C. Hollister* for appellants.

(1) The publication not being against Mrs. Byers by her true name is fatally defective. R. S., sec. 3496; 11 Mo. 408; 87 Mo. 315; 42 Mo. 489; 44 Mo. 252; 91 Mo. 377. (2) Though the record recites that due notice was given, yet the same may be contradicted by record recitals or papers on file. 88 Mo. 411; 86 Mo. 366. Where the court has no jurisdiction over the subject-matter the process issued is void and all its acts are void. 89 Mo. 146; 22 Mo. App. 446. (3) The appearance of Mrs. Byers six months after the rendition of the

judgment and after the sale and asking that her home-
stead be set off in money was not a waiver of the defect-
ive service by publication. *Anderson v. Anderson*, 23
Mo. 379. An appearance for the purpose of setting
aside irregular judgments waives no rights. 31 Mo. 419;
36 Mo. 149; 58 Mo. 242; 45 Mo. 289; *Bank v. Rogers*,
12 Minn. 529; *Levan v. Irvin*, 12 Rich. 31; *Clark v.
Bryan*, 16 Md. 174; *Gidden v. Packard*, 28 Cal. 649.
(4) "A widow entitled to a homestead estate in lands
of her deceased husband is not precluded from claiming
it by the fact, that dower has already been assigned to
her out of the same lands and that she accepted it with-
out then preferring her claim of homestead." 65 Mo.
343. (5) The court may, in ejectment brought for the
premises by purchaser at the sale, cause the homestead
to be assigned. *Crisp v. Crisp*, 86 Mo. 630.

*L. F. Cottey* for respondent.

(1) It is very clear that the circuit court of Knox
county had jurisdiction of the partition proceedings;
and that partition will be made where there is a right of
homestead. *Wright v. Dunning*, 46 Ill. 271; *Gragg v.
Gragg*, 65 Mo. 343; *Rolf v. Timmermeister*, 15 Mo.
App. 249. (2) The homestead is a statutory right—a
strictly legal right, and may be sold with the other lands
and the proceeds controlled by the court. *Casebolt v.
Donaldson*, 67 Mo. 308. (3) Shortly after the death
of her husband the widow leased the farm and went off,
remaining away continuously for about eight years.
This was an abandonment. *Smith v. Bunn*, 75 Mo. 559;
*Kaes v. Gross*, 92 Mo. 647; *Wright v. Dunning*, 46 Ill.
271. (4) The suit in partition was against defendant
as Mary E. Byers, and although her name may have
been Mary A. Byers, the middle letter is no part of the
name, and its insertion or absence makes no difference.
*State v. Martin*, 10 Mo. 392; *Phelps v. Evans*, 64 Mo.
17; *State v. Black*, 12 Mo. App. 531; *Steinman v.*

*Strimple*, 29 Mo. App. 478. The case of *Skelton v. Sackett*, 91 Mo. 377, cited by appellants, is not in point, because there the first name was "Quinces," which was published by the initial "Q." In the case at bar the first name was published in full as Mary. Moreover, in the *Skelton case* there was no appearance. The defendant Mary did appear in the partition suit. Her redress was in that proceeding, if she had any. It is too late to raise the point here in a collateral proceeding. *Martin v. Barron*, 37 Mo. 301. (5) Jacob Byers had no minor children. If his widow had any by a former marriage, they were entitled to no rights in his estate. *Canole v. Hurt*, 78 Mo. 649, 652. (6) The appeal in this case was taken April 25, 1888. The transcript was not filed until March 22, 1889, and for this reason the appeal should be dismissed. *Caldwell v. Hawkins*, 46 Mo. 263; *Dean v. Jones*, 27 Mo. App. 468; *McCaffery v. Railroad*, 31 Mo. App. 340. (7) The court should dismiss the appeal for failure to file statement as required by statute. *Martin v. Nugent*, 15 S. W. Rep. Mo. 422. (8) The widow is not entitled to hold the premises for any specific time, but only until her dower is assigned. *Whaley v. Whaley*, 50 Mo. 577. Her dower was assigned by the suit in partition (and she has received her dower from the sheriff in the sum of $291.25). (9) All parties are bound by the record of a former suit, where they have an interest, and have had an opportunity to make a defense or control the proceedings. *Strong v. Ins. Co.*, 62 Mo. 289; *Kelley v. Hurt*, 74 Mo. 561; *Landis v. Hamilton*, 77 Mo. 554; *Hoyt v. Greene*, 33 Mo. App. 205; Bigelow on Estoppel [3 Ed.] p. 57. (10) A judgment in partition is conclusive on all parties to the record, and is a bar against all persons interested in the partition proceedings. *Holladay v. Langford*, 87 Mo. 577; *Bobb v. Graham*, 89 Mo. 200; *Hart v. Steedman*, 98 Mo. 452. (11) The final judgment in partition is the approval of the sale, or report of the commissioner, as the case may be.

Until this order was made in the partition suit in question, Mrs. Byers could have filed a petition for review, and thus opened up the whole case, had she so desired. *Murry v. Yates*, 73 Mo. 13; *Harbison v. Sanford*, 90 Mo. 477. (12) If the court should hold that the judgment on Mrs. Byers' motion and for distribution in said suit of partition was not full and complete, then I call the attention of the court to the testimony of L. F. Cottey, which was undisputed and conclusive, that the identical matter in issue (abandonment) in this suit was passed upon by the circuit court of Knox county in the partition suit, and is, therefore, *res judicata. Hick. erson v. City of Mexico*, 58 Mo. 61; *Douglass Co. v. Alsup*, 91 Mo. 172; *Piper v. City of Boonville*, 32 Mo. App. 138; *Case.v. Gorton*, 33 Mo. App. 597; *Brome v. Weldon*, 34 Mo. App. 378.

GANTT, P. J.—Jacob Byers died about the mouth of January, 1878, the owner of the lands, the subject of this action of ejectment. He was an old man, and had been married to the defendant, Mary Ann Byers, about two years at the time of his death, she being his second wife. He was not in debt and in addition to the land left a small personal estate which was duly administered in Knox county. Many years ago Jacob Byers married his first wife, and by her raised a large family of children, who survived him as his heirs; his first wife was dead, and all of his children were of age long prior to his marriage with defendant, Mary Ann.

There were no children born of the marriage with defendant Mary. The names of his children and heirs-at-law by his first wife were as follows: Hannah L. Campbell (formerly Byers) and her husband, Mathew Campbell, William Byers, Silas C. Byers, Euphonia L. Lease (formerly Byers) and her husband, John Lease, Julia A. Nicewarner, a widow (formerly Julia A. Byers), Amanda Bardett (formerly Byers and her

husband Joseph Bardett, and Rebecca A. Byers, the last two named being grandchildren of the said Jacob Byers.

Some time within a year after the death of said Byers, the defendant Mary abandoned the home of her deceased husband, leased it to defendant McLinn, and has never lived upon nor occupied it as a homestead since. For about five years after the death of her husband she lived in Scotland county, Missouri. She then moved to the state of Nevada, and lived there about two years. In 1885, she returned to Scotland county, Missouri, where she has since lived. On the twenty-sixth day of March, 1884, Hannah L. Campbell (formerly Byers), as a daughter and heir-at-law of Jacob Byers, deceased, together with her husband, Mathew Campbell, as plaintiffs, instituted a suit in partition against the other heirs and the widow of Jacob Byers, deceased, in the circuit court of Knox county, Missouri, for the partition of the lands described in plaintiff's petition. Said petition for partition set forth the interests of the children and heirs of said deceased in said lands subject to the dower interest of the widow of said Jacob Byers, deceased. Defendant Mary was made a defendant in said partition suit, and the petition in said partition suit alleged that she was entitled to dower in the lands therein described.

In said partition suit the defendant Mary was designated as "Mary E. Byers, widow of Jacob Byers, deceased," and by that name a summons was issued against her, directed to the sheriff of Knox county, Missouri, who returned the same as to this defendant. "Not found in my county." Whereupon the plaintiff in said partition suit caused another summons to issue out of the office of the clerk of the circuit court of Knox county, Missouri, and directed the same to the sheriff of Scotland county, Missouri, who soon thereafter returned said summons to the clerk of the circuit court of Knox county, Missouri, as to this defendant

"Not found in my county," with the further informa-tion "that Mary E. Byers was living in the state of Nevada, address not known." Afterwards at the June term of the circuit court of Knox county, Missouri, for the year 1884, the term to which the *non ests* were returned by the sheriff of Knox and Scotland counties as to this defendant, the court first being satisfied that process could not be served on said defendant, and that she was a non-resident of the state of Missouri, made an order of publication against said defendant in said partition suit. Said order of publication was judicially made by the court in term time and in open court. Proof of said publication was made at the following December term of said court.

At the June term, 1885, of the Knox circuit court, judgment of partition was duly rendered in said case, and ordered that the land should be sold at the next regular term, it first being shown by testimony that the land was not susceptible of division.

The defendant Mary in addition to the order of publication had personal knowledge of the pendency of said partition suit. She admits in her testimony that she received a letter from Mr. McMurry informing her of said suit, dated April 8, 1885, and that she then wrote to her attorney in regard to the matter at Edina, Missouri. This was sixty days before judgment of partition was rendered.

At the December term, 1885, of said court, said lands were sold to the plaintiff herein for the price and sum of $2,142 by the sheriff. The defendant Mary was present at said sale by her attorney, made no objection to the sale, but did state that she would "file a motion to have her homestead in it (the land) set off to her in money from the sale, *forthwith*." The sale was made December 12, 1885. On the second day after said sale, and before the sheriff had filed his report, the defend-ant Mary came into said court with the following motion:

"In the circuit court of Knox County, Missouri, December Term, 1885."

"Hannah L. Campbell and her husband, Mathew Campbell, plaintiffs, *v.* William Byers, Silas C. Byers, Euphonia L. Lease and her husband, John Lease, Julia N. Nicewarner, Amanda Bardett and her husband, Joseph Bardett, Rebecca A. Byers, and Mary E. Byers, defendants."

"Now at this fourteenth day of December, 1885, and by leave of court first taken, files this her motion in the above entitled case, and states and represents that she is the same defendant, Mary E. Byers, named in the above-entitled petition, and states to the court that she is the widow of said Jacob Byers, deceased, named in plaintiffs' petition in the above-entitled cause ; that said Jacob Byers departed this life about the month of March, 1878, in Knox county, Missouri, as stated in the petition in said cause; that as such widow at the time of the death of said deceased she occupied the lands described in the petition as her homestead, and had for a long time prior to the death of her said husband lived with him thereon as his wife, and as such wife and widow in addition to her dower rights referred to in said petition is entitled to a homestead in the lands described in the petition for partition in said case ; that she now asks this court to ascertain the present worth of her homestead in said lands in excess of, and in connection with, her dower right and order that the same be paid over to her by the sheriff of Knox county, Missouri; that there are no minor children, and that her age is fifty-two years.

"McQuoid & Clancy,
"Attorneys for Mary E. Byers, widow. "

Afterwards, at the said December term, 1885, of said court the sheriff filed his report of the sale of said lands to plaintiff, which report was approved at said term, and, at the instance of the said widow, said cause was

continued without any order of distribution being made until the June term of said court, 1886.

At the June term, 1886, the said widow Mary, defendant herein, was present in court in person and by her attorneys, and testified as a witness in her own behalf upon the issue made by her motion for the court to ascertain the present worth of her homestead in said lands in excess of, and in connection with, her dower right. And various other witnesses were sworn upon the trial on said motion, as to whether or not she had abandoned said homestead since the death of Jacob Byers. The question of her abandonment of such homestead became and was the issue then tried.

The court thereupon rendered final judgment of distribution in said partition suit as follows: "Now at this day, this cause coming on to be heard, come the parties by their respective attorneys, and the cause is submitted to the court upon the motion of Mary E. Byers, widow of Jacob Byers, deceased, asking that homestead be paid to her out of the proceeds of said land. The court being fully advised and having heard evidence and argument of counsel upon said motion overrules the same, and the court further finds that said Mary E. Byers as such widow is entitled to a dower interest out of the proceeds of sale of lands; that the land sold for $2,142; and that the net proceeds, after deducting the costs and expenses of said sale, are $1,954.98; the court further finds that said Mary E. Byers, widow as aforesaid, is sixty-one years old; that the present value of her dower in the proceeds of the sale of said real estate, computed according to what is called the Northampton tables, is $291.25. The sheriff is ordered to pay said Mary E. Byers that amount of money as her dower interest, and the sheriff is further ordered and directed to pay out the remainder of the proceeds of the sale of said real estate to the parties herein interested in accordance with the decree of partition rendered in this cause at the June term of the court, 1885, and take receipt for

the amounts respectively disbursed, and file the same with the clerk of this court."

There was no appeal taken from said partition proceedings and judgments by the defendant Mary, nor anyone else.

On the thirteenth day of December, 1886, it being made to appear that plaintiff had paid the full amount of the purchase money for said land, it was ordered that the sheriff execute to him a deed, which was done. On March 29, 1887, plaintiff instituted this suit in the circuit court of Knox county, Missouri. The petition was an ordinary action of ejectment against the defendant McLinn. On the application of defendant, the venue was changed to Adair county. The answer of the defendant McLinn was a general denial.

On the first day of the April term of the Adair circuit court, 1888, Mary Ann Byers, on her application, was made a party defendant, and on that day filed her separate answer to plaintiff's petition. For answer, she alleges that she had been married to Jacob Byers *about thirty years* ( ! ! ) ; that at the time of the death of her husband *they with an infant child* ( ! ! ) were occupying the premises in question, and that Jacob Byers owned the same in fee ; that there were only one hundred acres of land *of any value,* and that it was only worth $1,500. She then alleges that about six months after the death of her husband she had this one hundred and sixty acres set off to her as a homestead by the probate court of Knox county, Missouri, but that the probate court failed to make any record of such homestead proceedings, and that all the papers relating thereto had been lost (!!!). It is further alleged that she rented the farm to defendant McLinn, and went off on a visit to Nevada, with no intention of abandoning it as a homestead, leaving her daughter in possession of a part of the house. It is also alleged in said answer, that in the partition suit this defendant was named as Mary E. Byers, and that the order of publication was in the

name of Mary E. Byers, and that she was in the state of Nevada at the time, and had no personal knowledge of such suit. And that her true christian name was and is Mary Ann Byers. That said court had no jurisdiction over the subject-matter of that suit, and obtained no jurisdiction over the person of this defendant. Says she is in possession of said lands, and asks for judgment of possession.

Plaintiff's reply is, *first*, a general denial, except that Jacob Byers died seized of the lands in question, and that defendant Mary is his widow; that defendant Mary was married to Jacob Byers about two years prior to his death. No children were born of said marriage. Defendant Mary was his second wife. That deceased had raised a large family of children by his first wife, all of whom were of age. That, shortly after the death of Jacob Byers, defendant abandoned the home of said deceased, and never afterwards occupied it as a homestead. Denies that she ever presented a petition to the probate court for a homestead, or that said court ever made any order for a homestead, and says that the entire allegation in said answer in regard to a homestead being set off to her out of said land is utterly and wholly untrue.

The reply then pleads the various orders, proceedings and judgments of the circuit court of Knox county, Missouri, in said suit of partition, including the appearance and motion of the defendant Mary for a homestead out of the proceeds of such sale, and the trial and judgment had on said motion, and then makes the following allegation:

"Plaintiff says that all the proceedings in said partition suit were regular and in strict compliance with the statute in such cases made and provided, and that the whole question of defendant's right to a homestead in said lands was fully, fairly and finally passed upon by the circuit court of Knox county, Missouri, a court of competent jurisdiction in that behalf, and that no

appeal was taken from the final judgment rendered in said partition suit, nor from the final judgment and order of distribution made in said cause, allowing the defendant dower out of the proceeds of the sale of said land, instead of a homestead as she there claimed ; that she, the said Mary Byers, was personally present in court, and that she acquiesced and consented to said judgment and order of distribution, and took no appeal therefrom. Plaintiff says that, by reason of the premises aforesaid, the proceedings and judgments in the Knox circuit court, in said partition suit, that all the matters and things complained of in defendant's separate answer have been adjudicated and settled by a court of competent jurisdiction, and that the said defendant is estopped to recover a homestead in the cause of action now herein pending."

It is further alleged in said reply that the defendant Mary appeared in said partition suit by the name of "Mary E. Byers, widow of Jacob Byers, deceased," and that she is now estopped from attacking said proceedings under the name of Mary A. Byers, or any other name she might assume; that it was wholly immaterial to plaintiff whether a part or all of the purchase money was paid to her; that plaintiff purchased said land in good faith and paid the full amount of the purchase price, $2,142 ; and that he is entitled to the possession thereof.

The case was tried at the April term, 1888, of the Adair circuit court a little more than ten years after the death of Jacob Byers. The defendant Mary testified that the "infant child" was eighteen years old at the time of the death of her husband, and that she was this defendant's youngest child, "the daughter of a former marriage," and that her daughter ( the said infant ) married the defendant McLinn in February after the death of Jacob Byers ; that McLinn has since leased the farm of her and paid her the rent. Her evidence tended to prove she had not abandoned her homestead, and that she had no notice of the partition suit.

On the part of defendant all the record in the partition suit was offered and read without objection. Also evidence of the neighbors that defendant, Mary A. Byers, had been absent from Knox county from six to eight years. There was also evidence, that the issue tried by the Knox circuit court on the motion of defendant, Mary A. Byers, was whether she had abandoned the homestead, and upon that issue the court adjudged that she had, and she did not appeal therefrom.

The circuit court of Adair county found for plaintiff for the possession and rents as prayed, and this appeal is from that judgment.

The contention of the appellant here is that the lands in dispute in this action, being the homestead of Jacob Byers, were not subject to partition, and when confronted with the decree of partition, rendered by the circuit court of Scotland county, directing a partition thereof among his heirs and herself as his widow, she replies she had no notice of that suit.

I.   This appeal can and ought to be disposed of in a very few words.   The only objection to the order of publication in the partition suit was, that it described Mary Ann Byers as Mary E. Byers, the widow of Jacob Byers.   There is no force in the point.   She was notified by her first name, Mary.   It has been uniformly ruled by this court that the middle letter is no part of the name.   *Smith v. Ross*, 7 Mo. 463 ; *State v. Martin*, 10 Mo 391 ; *Skelton v. Sackett*, 91 Mo. 377.

II.   Morever, the defendant, Mary A. Byers, before any final judgment of partition had been rendered in the cause and while the decree was as yet only interlocutory, appeared by her counsel in the partition suit.   She made no suggestion of any irregularity or insufficiency in the process of the court ; on the contrary, by every fair intendment, she acquiesced in all the steps taken to sell the land.   Her claim was not that the court had no jurisdiction over her, or the subject-matter of the suit,

but that she was entitled to a larger and different interest from that accorded her in the pleadings and interlocutory judgment of partition. She was accorded a hearing on the merits, and that issue decided against her. The decision was made by a court having jurisdiction both of the person and subject-matter. From that judgment she took no appeal or other proceedings to reverse it. It is binding upon her and all others who were parties to that proceeding. *Holladay v. Langford*, 87 Mo. 577; *Bobb v. Graham*, 89 Mo. 200; *Hart v. Steadman*, 98 Mo. 452.

III. The question sought to be raised here that a homestead, not exceeding in area and value the limits prescribed by our statute, cannot be partitioned is not in this case. Here it is conclusively shown that there were one hundred and seventy acres belonging to the heirs of Jacob Byers, and at the sale this land brought $2,142, so that both in area and value it exceeds the statutory limit of a homestead. While the statute throws every safeguard around the homestead, and the courts have given the statute a liberal construction, it has never been extended so far as to hold that when a homestead is a part only of an estate held in common, that the courts are powerless to segregate the homestead from the remainder, and, if the interest of all who are interested would be promoted thereby, to sell the whole. Our statute has conferred upon the circuit courts the jurisdiction to partition lands held in joint tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower. R. S. 1889, sec. 7132.

And it is expressly provided by section 5444, Revised Statutes, 1889, that "whenever any dwelling-house, outbuilding and the land in connection therewith, in which a homestead shall exist, shall exceed the respective values mentioned in section 5435, and a severance of such homestead would greatly depreciate the value of the residue of the premises, or be of great

VOL. 107—19

inconvenience to the parties interested either in such residue or in such homestead, either party may apply to the circuit court by petition, setting forth the facts, for relief.

And the court under this section, "if the case require it, may order a sale of the whole premises and apportion the proceeds between the parties." This section has been in all of the homestead acts since 1865. By it and sections 5439 and 5440, provision is made for the ascertainment of the homestead when the homestead right and dower unite in one person in the same estate, and when the homestead exists in an estate exceeding in value and area the statutory limits.

The right of the heirs to a partition of all the estate in the lands of their ancestor in excess of the homestead is as sacred and well secured as the homestead right.

The decision in *Rhorer v. Brockhage*, 86 Mo. 544, was confined to a case where "the premises in question did not exceed in area or value the limits prescribed for a homestead," and this court simply held that, where such a homestead was vested in the widow and a minor child, she could not compel partition or impair the right of the minor to occupy it during minority as a homestead. Nothing herein said in any manner modifies or contradicts the rule laid down there.

The circuit court had jurisdiction to decree a partition. It decided that defendant, Mary A. Byers, only had a dower interest, and that decree is final. And it follows, that the circuit court of Adair county committed no error in finding for plaintiff. The judgment is affirmed. All concur.