Turner v. Gregory.

SINGLETON V. TURNER, Appellant, v. GREGORY.

### Division Two, June 26, 1899.

1. **Pleadings:** NAMES: SERVICE BY PUBLICATION. In all proceedings the given and surname of both the plaintiff and the defendant should be set forth in the pleadings and process with accuracy. And where the only notice is service by publication, a substantial and even a rigid observance of this rule is required.

2. ————: ————: ————: MIDDLE NAME: TAX SUITS. The general rule is that in such notice or process, the first Christian name is necessary to a valid judgment, and the middle name is no part of defendant's name. But in tax suits, in which the statute requires suit to be brought against a non-resident in the name of "the owner of the land," a notice which describes the defendant as he has described himself in his deed which he has put of record, even though initials be used in place of his Christian name, is sufficient.

3. ————: ————: ————: ————: ————: CASE STATED. The non-resident defendant was known among his neighbors as Vaughn Turner and he was so described in the tax assessment, notice of publication and judgment. The full name of the plaintiff in this ejectment suit, for the same land sold in the tax suit, is Singleton Vaughn Turner, and he shows title by a deed in which the grantee is five times described as Singleton V. Turner, and this deed was of record when the tax suit was instituted. *Held,* that the sheriff's deed under the tax suit did not convey the title of the plaintiff in this suit.

4. **Tax Deed:** COLLECTOR AS PURCHASER. A sheriff's deed to the collector who brought the suit for taxes, is not void.

*Appeal from Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED AND REMANDED.

H. C. CLARK for appellant.

(1) Appellant's first contention, in this case, is that the tax judgment is absolutely void as to him, and that a sale

thereunder conveyed no title. The judgment, which is only upon publication or constructive notice, and by default, is against Vaughn Turner, whereas the record owner of whom the purchaser must take notice, is Singleton V. Turner, or as the law recognizes no middle name, is simply Singleton Turner. Corrigan v. Schmidt, 126 Mo. 304; Skelton v. Sackett, 91 Mo. 377. (2) The tax deed to Oscar Reeder was void upon its face, for the reason that Oscar Reeder was then, and at the institution of the suit, a public officer, the county treasurer of Bates county and ex-officio collector, having in hand the collection of these taxes. Clute v. Barron, 2 Mich. 192; Walton v. Torrey, Harrington's Ch. (Mich.) 259; Dwight v. Blackmore, 2 Mich. 330; People v. Township Board, 11 Mich. 222; Railroad v. Dewey, 14 Mich. 477; Galloway v. McPherson, 67 Mich. 546.

W. O. JACKSON for respondent.

(1) In the proceeding by the State to enforce its lien for taxes, a notice to plaintiff in the name of Vaughn Turner, the name by which he admits he has always been called and known since boyhood, was good service. Mosley v Riley, 126 Mo. 130; Noland v. Taylor, 131 Mo. 224. (2) A treasurer and ex-officio collector has much less authority over a tax suit than an ordinary plaintiff. He merely certifies to the tax bill and the suit is brought by an attorney employed by the approval of the county court. Walcott v. Hand, 122 Mo. 621; R. S. 1889, sec. 7681. (3) The first name means the Christian name by which a person is called, whether it stands first on the family record or not, thus Vaughn is the first name of Turner, while Singleton is his middle or rather obscure name, Vaughn being the one by which he was always called and known first. Noland v. Taylor, 131 Mo. 224.

GANTT, P. J.—This is an action in ejectment for one hundred and twenty acres of land in the northern part of

Bates county.    Benjamin F. Metzler is the common source of title.

By warranty deed of April, 18, 1878, Metzler and wife conveyed the land in suit to Singleton V. Turner and that conveyance was recorded April 20, 1878, in the recorder's office of Bates county.    The land was swamp land and was never occupied by Turner.    Metzler and wife resided in Johnson county, Missouri, and Singleton V. Turner resided in Maraposa county, California.

The plaintiff testifies:    "My name is Singleton Vaughn Turner.    I live in California and was living there when I received the deed to the land in suit, from Metzler and wife. I am the person mentioned in said deed, the original of which I have mailed to my attorneys at Butler, Missouri.    I formerly, prior to coming to California, lived in Holden, Johnson county, Missouri, some fifteen miles from the land in suit. While living in Holden I was usually called Vaughn Turner and the same is true in California where I reside.    In signing papers I have usually signed my name S. V. Turner."    On cross-examination, he says: "Vaughn Turner has been the name by which I have always been called and known since my boyhood.    It is the same by which I went in the neighborhood of the land.    I answered to that name always."

The defendant read in evidence a sheriff's deed from the sheriff of Bates county reciting a judgment against these lands in favor of the collector for delinquent taxes thereon for the years 1885 and 1886, which judgment was rendered against Vaughn Turner and declared to be a lien on said lands, and decreed their sale to satisfy such judgment, interest and costs. It further recited a sale thereof June 17, 1889, and that Oscar Reeder was the highest and best bidder and purchaser thereof, and the conveyance to said Reeder.    Defendant then read a deed from Reeder to himself of date June 27th, 1889. Defendant also produced other witnesses who knew plaintiff

during his residence in Missouri and testified he was known as Vaughn Turner.

It is at once apparent that one of the prime questions in this case is whether a suit against Vaughn Turner and an order of publication against Vaughn Turner and a judgment against Vaughn Turner is sufficient to divest the title of Singleton Vaughn Turner, whose title to the land depends upon a warranty deed to Singleton V. Turner, duly recorded prior to the assessment and levy of the taxes, which are the basis of the judgment, and prior to the commencement of the suit against Vaughn Turner. The validity of the tax deed depends upon the order of publication.

It is a fundamental rule of our law, founded in the plainest principles of natural justice that no man shall be deprived of his life, liberty or property without due process of law. Notice of the proceedings against him is essential to their validity. Accordingly whenever it is feasible our laws provide for actual, personal service on the defendant of the notice of the action, and in all proceedings the Christian and surname of both the plaintiff and the defendant should be set forth in the pleadings and process with accuracy. [Martin v. Barron, 37 Mo. loc. cit. 304 and 305.]

When a party is sued by a wrong name and actually served with process, if he does not appear and plead the misnomer in abatement the judgment will not be void. [Corrigan v. Schmidt, 126 Mo. loc. cit. 311.]

But a distinction exists between a case of personal service and a case where the defendant is a non-resident, where the only notice is by publication. This at best is but constructive service of notice, and where resort is had to this method, a substantial, even rigid observance of the law is required, otherwise the judgment will be void. [Hutchinson v. Shelley, 133 Mo. 400; Winningham v. Trueblood, 149 Mo. 572; Young v. Downey, 145 Mo. 250.]

Hence in notifying a person by publication, as he can only be designated by his name, if his name be omitted, or a wrong name is attributed to him, it is at once evident that he receives no notice in fact and has no opportunity of filing a plea in abatement. These general principles are settled law, but considerable difficulty has been experienced at times in their application. What shall be considered the name of a defendant, is not always so plain.

One general rule has been to hold the first Christian name as essential and to hold that the middle name is no part of the man's name, or at least not necessary to his designation. Accordingly in Corrigan v. Schmidt, 126 Mo. 304, the order of publication was directed to Owen Corrigan, whereas the defendant's name was John Owen Corrigan, and it was held the process was void. On the other hand in Beckner v. McLinn, 107 Mo. 277, the defendant was named Mary Ann Byers, and in the order of publication she was described as Mary E. Byers. It was held she was properly notified, as the middle name was no part of her name in law. [Phillips v. Evans, 64 Mo. 23; Smith v. Ross, 7 Mo. 463; State v. Martin, 10 Mo. 391; Franklin v. Talmadge, 5 Johns. 84.] A similar ruling has been made in many other States. [14 Ency. Plead. & Prac. p. 276, note 1.]

Again much controversy has arisen as to whether an order of publication which indicated the defendant merely by the initials of his Christian name was sufficient, and in Skelton v. Sackett, 91 Mo. 377, it was held that an order of publication to Q. R. Noland was not sufficient to give jurisdiction over Quinces R. Noland, in a tax case where the record title was in Quinces R. Noland.

On the other hand in Elting v. Gould, 96 Mo. 535, the order of publication to R. O. Elting was held sufficient where the record title was a patent to R. O. Elting.

In Nolan v. Taylor, 131 Mo. 224, in a proceeding to collect taxes, M. Jeff Thompson appeared from the record to be

the owner of the land, and the judgment was rendered against Jeff M. Thompson, and it appeared that the warrants were located and the land entered in the name of M. Jeff Thompson. It was said: "This is the name he himself used and by which we must assume he was commonly known. He adopts and uses the given name of Jeff and enters the land in that name." It was held that the judgment was valid. These cases proceed upon a principle. They are the construction of our statute, section 7682, R. S. 1889, which requires all actions to enforce the State's lien against the delinquent owners of real estate to be brought "against the owner of the property."

In Vance v. Corrigan, 78 Mo. 94, and in State ex rel. v. Sack, 79 Mo. 661, it was held to be a compliance with this statute to make the owner of the land of record a defendant. This ruling was followed in Cowell v. Gray, 85 Mo. 169, and many times since.

When, therefore, the question of the sufficiency of the order in the Elting case was presented to the court, this court looked to the record and found that the record owner was R. O. Elting. Hence while it was true that while the owner of this land was named Richard O. Elting, he was entitled to have notice by that name, yet if of his own accord he saw fit to take the title to his land by the name of R. O. Elting and place it of record, this was an assertion that as owner of that land his name was R. O. Elting, and when sued by that name for taxes on that land, he was estopped to say that his initials were not a sufficient designation of himself. We have then as to this class of cases a reasonable rule for the determination of this question of the name of the owner. Apply this rule to this case and we find that the record owner of this land was Singleton V. Turner. In his deed of record he is designated Singleton V. Turner no less than four times, and strange to say he signs his own name in full after that of his grantors, making in all five times his name appears on the

record to which the collector was required to go to find the owner of this land before bringing suit. It is argued, however, that he was known by his middle name of Vaughn. There is no evidence that he ever signed his name that way, nor is he responsible for the fact that others so designated him. He has done nothing to estop himself from disputing the validity of these proceedings against him. Not having been sued by his real name, and that name appearing of record as owner of the land in suit in the county in which he was sued, the order of publication and judgment must be held void and subject to attack collaterally as well as directly. This conclusion is in harmony with all of our decisions.

In Mosely v. Reily, 126 Mo. 124, it will be observed the landowner had been sued by his correct initials and judgment obtained and the land sold. Subsequently by the same initials he conveyed the land to a third person who sued the purchaser at the tax sale. When Mosely, the purchaser from Clements, brought ejectment and came into court and claimed title under C. T. Clements, we think he was clearly estopped from denying the validity of a judgment against his grantor by the same name which that grantor used in conveying him the land. That case was decided correctly upon the principle of estoppel. [City Council v. King, 4 McCord, 487.]

II. As to the other contention that the sheriff's deed to Oscar Reeder was void because Reeder was the collector who brought the suit, we have ruled otherwise in Walcott v. Hand, 122 Mo. 621, to which we still adhere.

The judgment is reversed and cause remanded. SHER-WOOD and BURGESS, JJ., concur.