# WILLIAM A. HOWARD v. HENRY P. P. BROWN, Appellant.

### Division One, June 19, 1906.

1. **OBJECTIONS: General.** Objections to tax deeds, court proceedings, and service of process, so general in character that they do not inform the court in what particulars counsel consider them defective, amount to no objections at all.

2. **NOTICE BY PUBLICATION: Four Weeks before Term.**   A publication to a non-resident defendant made on March 15, 22, and 29 and April 5, for a term to begin on May 7, complies with the law which requires the publication to be made for four successive weeks, the last insertion to be made at least four weeks before the commencement of the term.

3. **SUMMONS: Middle Name: Personal Service.** Where the defendant has a middle name, and is sued by the insertion of the wrong middle initial, the mistake is of no consequence if the writ was personally served on the right party.

4. ———: ———: **By Publication.** The real name of the defendant was Henry P. P. Brown and the notice by publication was to Henry T. Brown. But the suit was against all the cotenants of a tract of land, and his name was placed in a group composed of the names of his mother, his sisters, their husbands and his nephew, composing all the members of his family. *Held,* that, as he made no specific objection to the sufficiency of the publication, he is not entitled, on appeal, to have the sufficiency of the notice considered.

5. **RELATION: Purchaser at Sheriff's Sale: Reconveyance Before Acknowledgment.** The title acquired at a sheriff's sale, after the purchaser receives the sheriff's deed duly acknowledged, relates back to the date of the sale, and does not date from the time the sheriff acknowledged the deed in open court. Therefore, if such purchaser, before the sheriff acknowledged the deed in open court, conveys the land to another, he conveys whatever title he acquired under the sheriff's deed.

6. **TRUST: Property to Be Held Under Contract: Sale.** Property conveyed by cotenants, plaintiff and defendant, to a trustee to be sold by him to pay debts, the surplus to be divided between

them, and afterwards bought by plaintiff at the administrator's sale, is held by the plaintiff subject to the rights of defendant as expressed in the trust agreement, for thereafter he became the trustee.

7. QUIETING TITLE: Accounting.  In a suit to quiet and determine the title to land, the court cannot take an accounting between the parties, and determine what part of the surplus, after paying the debts, according to a certain written agreement entered into by them, each should take.

Appeal from Buchanan Circuit Court.—*Hon. H. M. Ramey*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. H. Haynes* for appellant.

(1) The trial court erred in admitting in evidence, over the objection of appellant, city tax deed. The same does not in any particular comply with the law in force at the time it was made, nor does the notice of sale comply with the law in such cases. (2) The trial court erred in admitting in evidence, over the objection of appellant, the papers, records and judgment in the case of Barber Asphalt Co. v. Mary A. Brown et al.; the respondent herein, Henry P. P. Brown, was described in the order of publication as Henry T. Brown, and the proof of publication does not show that it was published as required by law at that time; that is, for four weeks successively, the last insertion to be at least four weeks before the commencement of the term at which defendant is required to appear. R. S. 1879, sec. 3500. (3) The court erred in admitting in evidence, over the objection of appellant, the sheriff's deed to Silas Woodson, under special execution sale, in case of Barber Asphalt Co. v. Mary A. Brown et al., for the reason that the judgment against this appellant was void for want of service on him in said cause, the publication not stating his name, nor was it published as required by law at that time. R. S. 1879, sec. 3500. (4) The

court erred in admitting in evidence, over the objection of appellant, the deed from Silas Woodson and wife to Parmelia J. Brown, for the reason that it is a quit-claim and at the time it was made, September 26, 1888, Silas Woodson had no interest in the premises mentioned in same; and for the further reason that the sheriff's deed to him, offered in evidence, had not been executed and was not executed until September 27, 1888. (5) The court erred in admitting in evidence the deed of Samuel H. Smith, administrator of Parmelia J. Brown, deceased, to William A. Howard, the respondent herein, over the objection of appellant, for the reason that the respondent failed to show any authority upon the part of Smith, the administrator, to sell the property. (6) The court erred in admitting in evidence, over the objection of the appellant, the contract between the parties, Exhibit A; but, when admitted, it shows that the appellant, Henry P. P. Brown, by agreement of all the parties, had an interest in the property; and the court erred in finding that he had no interest therein.

*Grant S. Watkins* for respondent.

(1) Notice was good as to Henry P. P. Brown. The middle letter is not a necessary portion of his name. In order to raise the question, it was necessary for defendant to plead it. Young v. Schofield, 132 Mo. 650. (2) The objection and the exceptions saved by appellant were general exceptions and without merit; neither could it be raised by collateral attack. The notice to Henry P. P. Brown and others in the case of the Barber Asphalt Paving Company was good and sufficient. The publication was sufficient. The first publication was on the 15th day of March, second on 22d, third on 29th, the fourth on the 5th of April, which was more than four weeks before the 7th day of May. The publication shows that it was first published on the 15th day of March, and was published five times weekly

thereafter. Robbins v. Boulware, 88 S. W. 674; Russell v. McCoy, 165 Mo. 89; Ratcliff v. McGee, 165 Mo. 467; State v. Jones, 168 Mo. 401; Haywood v. Russell, 44 Mo. 252. The sheriff's deed proved itself. This deed could not be attacked in a collateral proceeding. R. S. 1899, sec. 3210; Saches v. Clingingsmith, 97 Mo. 406; Jordan v. Sunghnor, 107 Mo. 520; Robbins v. Boulware, 88 S. W. 674. The objection to said deed was not specific and raises no question in this court. Adair v. Mette, 156 Mo. 507; Drey v. Doyle, 99 Mo. 459; Schmidt v. Railroad, 163 Mo. 645; Taylor v. Pullen, 152 Mo. 440; Stephens v. Railroad, 87 Mo. App. 28. (3) Woodson took title from the date of the sale, and besides there was no objection made to the deed or exception saved in the trial court. Said deed was executed September 10. Strain v. Murphy, 49 Mo. 337; Schumate v. Reavis, 49 Mo. 333; Porter v. Mariner, 50 Mo. 364; Land & Lumber Co. v. Franks, 156 Mo. 689; Robbins v. Boulware, 88 S. W. 674; Young v. Schofield, 132 Mo. 650; Tleskenstein v. Baxter, 114 Mo. 493. For the further reason that it affirmatively shows that Woodson paid for property on September 10, on day of sale. (4) The administrator's deed had all of the necessary recitals and was prima facie evidence of the facts therein stated. It conveyed the title to Howard, and there were no exceptions made or saved at time of trial. R. S. 1899, sec. 172; Bray v. Adams, 114 Mo. 486.

VALLIANT, J.—Suit under statute to quiet title to real estate in St. Joseph.

George W. Brown, now deceased, was the common source of title. He left a widow, Mary Ann, who has since died, and nine children, all of whom are now dead except two daughters, Evelyn Knapp, widow of George Knapp, Ella Howard, wife of plaintiff, and Henry P. P. Brown, the defendant. None of the deceased children left issue except Mrs. Floyd, who left one child, Paul Floyd. One of the children of George W. Brown, Pearl,

before her death, conveyed her interest by quit-claim
deed to her mother, Mary Ann. The only one of the
children of George W. Brown, deceased, whose title is
in dispute here is the defendant, Henry P. P. Brown.

The plaintiff claims title under Parmelia Brown,
one of the children of Geo. W. Brown, deceased, by the
following chain of title:

1. By a quit-claim deed of August 24th, 1888, Par-
melia acquired the title of all the heirs then living ex-
cept Henry P. P. Brown and Paul Floyd.

To prove title as to the interests of Henry P. P.
and Paul the plaintiff introduced the following:

2. A deed from the tax collector of the city of St.
Joseph dated November 3d, 1887, reciting that the
taxes on the land due the city for the years 1884 and
1885 were unpaid, that the regular proceedings as to
advertisements, etc., were had, the property was offer-
ed for sale and struck off to one W. L. Buechle, to
whom a certificate of purchase was given, which he
had duly assigned to Parmelia Brown, and the stat-
utory period of two years having expired therefore
the land is sold to her.

When this deed was offered it was objected to on
the ground: ''That it does not comply with the re-
quirements of the statute in setting out facts required
by law—they have taken a warranty deed and scratch-
ed out the warranty part of it and scratched out the
husband and wife part and signed it as city collector.
I will call the court's attention to it and there are other
objections; that notice of sale is insufficient.'' The
Court: ''Consider it in subject to the objection.'' Ex-
ception taken.

3. The record of the circuit court in a suit to en-
force special taxbills against the land in suit wherein
the Barber Asphalt Paving Company was plaintiff, and
the widow, Mary Ann, and the heirs of Geo. W. Brown
then living, were named as defendants. The defendant

in the suit at bar was not described in that suit by the name of Henry P. P. Brown, but by the name of Henry T. Brown. The petition stated that the defendants William B. Floyd, Paul Floyd, George W. Brown and Henry T. Brown were non-residents of this State, and the court made an order of publication for them. The order of publication was made March 14, 1888, returnable the first day of the next term, which was May 7, and was published March 15, March 22, March 29 and April 5, 1888.

At the May term, 1888, all the defendants, except Paul Floyd, a minor who answered by guardian *ad litem,* made default, and after hearing proof the court rendered judgment declaring the tax bills sued on special liens on the respective lots and awarding special executions on the same. Executions issued and the property was sold by the sheriff to the highest bidder, Silas Woodson, on September 10, 1888, and sheriff's deed in due form delivered.

When that record was offered counsel for defendant made the following objection: "We object to it because it does not convey the interest of Henry T. Brown and others and the notice of publication against this defendant is insufficient." And when the sheriff's deed was offered it was objected to "as incompetent and irrelevant and as not affecting the interest of H. P. P. Brown in the premises." The objections were overruled and exceptions taken.

4. A quitclaim deed from Woodson and wife to Parmelia J. Brown dated September 25, 1888.

5. A deed from the administrator of the estate of Parmelia J. Brown deceased conveying lot 4, which is the lot in question in this suit, to the plaintiff, dated May 20, 1902, reciting due proceedings in the probate court and order to sell.

It appears from the oral evidence in the case that lots 5, 6 and 7, which are the subject of another suit be-

tween these parties, were sold by the administrator of
the Parmelia Brown estate to one Shoup, and that pro-
ceedings were instituted by the heirs in the probate
court to set aside that sale, and negotiations with
Shoup were on foot to obtain the title from him. It also
appears that Grace Brown, wife of defendant Henry
P. P., had in 1899 bought a tax title under a sale for
city taxes to lot 4, which lot is the subject of this suit.
Information of those facts is necessary to understand
the following agreement which was introduced in evi-
dence by the plaintiff:

"EXHIBIT A.—This agreement made and entered
into by and between John Howard of Brown Co., Kan-
sas, party of the first part, and the following named
heirs of Parmelia J. Brown, deceased, who are as fol-
lows: Henry Philip Price Brown, Evelyn Knapp, El-
len Howard, Paul Floyd, Mary A. Brown of Buchanan
Co., Mo., parties of the second part, who are the only
heirs at law of Parmelia J. Brown, deceased.

"It is hereby agreed by and between the party of
the first part and the parties of the second part, that
in the matter of the estate of Parmelia J. Brown, that
the property described which was purchased at admin-
istrator's sale in Buchanan Co., Mo., by Charles A.
Shoup shall be deeded to the said party of the first part
held in trust for said parties of the second part, sub-
ject to the provisions hereinafter stated.

"First, that said party of the first part will con-
vey to any purchaser that said parties of the second
part may agree upon any or all of the property herein
described upon the written request of the said parties
of the second part so to do until all said property shall
be disposed of.

"And, it is further agreed by said parties of the
second part that the deeds of trust against said prop-
erty shall first be paid out of any money received from
said estate or the property sold subject to said deeds

of trust thereafter; that the indebtedness of said estate to William A. Howard which is on record in the probate court will be paid out of any funds left over from said payment of deeds of trust and that together with the expense attached to the transfer of said property from Charles A. Shoup to said party of the first part and that the expense attached to the procurement of tax deed by Mrs. Grace Brown be paid to her and that she will relinquish all of her right, title and interest in and to any of the property belonging to said estate upon the payment of said amount due for said tax deed, together with legal interest thereon, which tax deed is against lot 4, block 1, Landis & Hull's Addition to the city of St. Joseph, Missouri.

"It is further agreed by and between party of the first part and said parties of the second part that after said indebtedness shall have been paid that said surplus of said estate, if any remain over and above after satisfying said indebtedness, be pro-rated and divided as follows:

"It is further agreed between all parties herein referred to that Henry Philip Price Brown has a one-eleventh interest in said estate, over and above any other interest which any other heir may claim to said estate, and that after said one-eleventh interest is taken out that the balance remaining, he holds an undivided one-fifth interest of any surplus of said estate.

"That Evelyn Knapp holds an undivided one-fifth interest in said estate. That Paul Floyd holds an undivided one-fifth interest in said estate. That Mary A. Brown holds an undivided one-fifth interest in said estate. That it is the mutual agreement here that they shall share and share alike in the distribution of the surplus of said estate after the encumbrances thereon are paid.

"It is further agreed that said party of the first part will not sell the said real estate or any part thereof excepting upon the agreement of said parties of the

second part in writing to the sale thereof, that upon their written request he will execute a deed therefor and that he will distribute the surplus if any remain over and above in his hands in accordance with this agreement.

"And Henry Philip Price Brown further agrees that if distribution is made according to the provisions of this contract, that he will quit-claim any and all interest in and to any and all of the said property herein described.

"The property which is subject to this agreement is as follows: The east 20 feet of lot 1, and the east 20 feet of the south 16 feet of lot 2, in block 30, original town, now the city of St. Joseph, Mo., and lots 4, 5 and 6 and 7, block 1, Landis & Hull's Addition to the city of St. Joseph, Missouri.

"It is further agreed by and between the parties of this contract that the entire expense, including attorney's fees for the contesting of the administrator's sale in the probate court to said property, together with the purchasing of the abstracts and settlement with Charles A. Shoup, shall be charged to the estate and be borne by the heirs as their respective interests appear in said estate.

"In Witness whereof, we have hereunto set our hands this 19th day of December, 1899." This is signed by John G. Howard, William A. Howard, Ellen Howard, Henry Philip Price Brown, Grace Brown, Evelyn Knapp.

The decree of the court was that the title to lot 4 was in the plaintiff and that defendant Henry P. P. Brown had no interest in it. Defendant appealed.

Mrs. Grace Brown was also a party defendant in this suit but no appeal for her was taken.

Appellant makes nine assignments of error but they may be compressed into the following:

1. The tax deed to Parmelia Brown was incompetent evidence.

2. The record in the Barber Asphalt case was incompetent, for lack of notice to Henry P. P. Brown and for the same reason the sheriff's deed to Woodson was invalid.

3. The deed from Woodson to Parmelia was invalid because it was dated September 26th and the deed from the sheriff to Woodson was not executed until September 27th.

4. The deed from the administrator of the Parmelia Brown estate to plaintiff Howard was invalid because no authority was shown for its execution.

5. The court erred in admitting in evidence the contract Exhibit A.

The objections that were made to the introduction of these documents in evidence were so general in their character that they did not inform the court of the particulars in which the counsel objecting thought they were defective. Of the tax deed it was said: "We object to it on the ground that it does not comply with the requirements of the statute in setting out facts required by law—they have taken a warranty deed and scratched out the warranty part of it and scratched out the husband and wife part and signed it as city collector. I will call the court's attention to it and there are other objections; that notice of sale is insufficient." That is so lacking in specification that it really amounts to no objection at all. And even in the brief of appellant now before us we do not know in what particular he considers the tax deed defective or the notice of sale not sufficient. The only comment in the brief is: "The same does not in any particular comply with the law in force at the time it was made, nor does the notice of sale, see page —, comply with the law in such case."

Of the record in the Barber Asphalt Paving Company case it was said: "We object to it because it does not convey the interest of Henry T. Brown and others; and the notice of publication against this defendant is insufficient." In the brief the objection is stated thus:

"The respondent Henry P. P. Brown is described in the order of publication as Henry T. Brown, and the proof of publication does not show that it was published as required by law at that time, that is, for four weeks successively, the last insertion to be at least four weeks before the commencement of the term at which defendant is required to appear." In the particular last mentioned appellant is mistaken as to the fact, the publication was made March 15, 22nd, 29th and April 5th, the first day of the return term was May 7th. The publication, therefore, covered the period prescribed by the statute.

The general rule in this country seems to be that the middle name, or initial of the middle name, is no part of the real name, and that a variance in that particular is immaterial. But the rule is not of universal application, even in forums where it is recognized. Common experience teaches that the middle name may or may not be important for identification according to circumstances. The general rule is thus stated in 21 Am. and Eng. Ency. Law (2 Ed.), 307:

"It is generally held that the law does not recognize a middle name, and therefore in a legal instrument an omission of the middle name or initial, or a mistake in such name or initial, or the insertion of a middle initial in a name which has only two members, is of no importance. But this doctrine that the middle name or initial is no part of the name and therefore is of no importance is not universal. It is repudiated in Massachusetts, and in some other jurisdictions the courts seem inclined to attach more importance to the middle name or initial than the doctrine allows, and some courts hold that while it is not necessary to give the middle name or initial, yet if either be given, a mistake therein constitutes a fatal variance."

This court has held to the general rule as above stated. [Smith v. Ross, 7 Mo. 463; State v. Martin, 10 Mo. 391; State v. Moore, 61 Mo. 276; Phillips v.

Evans, 64 Mo. 23; Skelton v. Sackett, 91 Mo. 377; Beckner v. McLinn, 107 Mo. 277; Corrigan v. Schmidt, 126 Mo. 304; Turner v. Gregory, 151 Mo. 100.] But it was in only one of those cases that this court held that the judgment of the trial court was not invalid by reason of the fact that the publication contained a misdescription of the defendant in the initial of her middle name; that was the case of Beckner v. McLinn, supra. In that case, which was a partition suit between the heirs of Jacob Byers, deceased, one of the non-resident defendants was designated as Mary E. Byers, widow of Jacob Byers, whereas her name was Mary Ann. But the decision holding that the judgment was valid as to Mary Ann did not rest entirely on the fact of the publication, but it was also found that, independent of the publication, she knew that the suit was pending, engaged counsel to protect her interest, and before final distribution of the proceeds of the partition sale she filed a motion in the case claiming her share.

Where a defendant is sued by wrong name in this particular, that is, by the omission of the middle name or its initial, or the insertion of an initial middle name when there is none, or the insertion of a wrong initial when there is one, in all such cases if the writ has been personally served on the right party the mistake in the name is of no consequence. But when the jurisdiction of the court over the person of the defendant depends on notice of publication, the question is not so free from doubt, and it becomes necessary to look into the circumstances. In the publication now under consideration this defendant, whose real name is Henry P. P. Brown, was designated as Henry T. Brown. Brown is not an unusual surname and Henry is not an unusual Christian name. It would not therefore be a very remarkable occurrence if two men named Henry Brown were found in the same community; in such event if one was named Henry T. and the other Henry P. and the name given in the publication was Henry Brown and if there

was no other circumstance to indicate which Henry was intended, or, *a fortiori,* if the name given in the publication was Henry T. while the person really intended was Henry P., if we should hold that a judgment by default against Henry P. based on such publication was valid, we would be going further in that direction than we have gone in any of our former decisions.

And so in the case at bar, if the style of the case was stated in the publication only as The Barber Asphalt Paving Co. v. Henry T. Brown, there might be some reason to question whether that was sufficient to notify Henry P. P. Brown that there was a suit against him. But here the defendant's name was placed in a group which was composed of the names of his mother, his sisters, their husbands and his nephew, comprising all the members of the immediate Brown family to which he belonged. And there might have been other circumstances, as there were in the case of Beckner v. McLinn, above referred to, which would have received the consideration of the trial court if the objection had been made that the initial of the defendant's middle name was incorrectly stated in the publication. But the defendant made no such specific objection and gave the court no opportunity to consider that point; he is, therefore, not entitled to have it considered on this appeal.

The sheriff's deed recites that the sale was made on September 8th, the deed is dated September 10th, and was acknowledged in open court September 27th. The deed from Woodson and wife to Parmelia Brown is dated September 25th, acknowledged September 26th, and filed for record September 27th, 1888.

The point is now made that Woodson took no title until September 27th when the sheriff's deed was acknowledged in open court; therefore, Woodson had no title on the 25th when his deed was made. Woodson's title after he received the sheriff's deed related back to the time the property was struck off to him at the sheriff's sale, and a deed made by him at any time after

that date would, after he had received the sheriff's deed, have conveyed whatever title he acquired under the sheriff's deed. But there was no such objection made when this deed was offered, and appellant has no right to make it now.

The record shows no objection made at the trial to the introduction of the deed of the administrator of the estate of Parmelia Brown.

We find no error of which the appellant has any right to complain in the admission of any of those documents in evidence.

The finding and decree of the court was that the title to the lot in question was in Parmelia Brown at her death and passed to the plaintiff under the administrator's deed and that Henry P. P. Brown had no interest in it; it was recited in the decree that the plaintiff and defendant Grace Brown had agreed in open court that in consideration of the sum of $208 which was then paid to her she relinquished whatever interest she had under her tax deed.

The judgment of the court locating the title to the lot in the suit in the plaintiff was right, but the decree goes too far when it declares that the defendant Henry P. P. Brown has no interest in the property. The contract Exhibit A introduced in evidence by the plaintiff shows that the title to the property was to be acquired and held by John Howard in trust for the purposes therein expressed, that it was to be sold as therein specified and the proceeds, after paying certain debts and encumbrances mentioned, were to be divided between the parties to the contract, the heirs of Parmelia Brown. Among the debts to be paid was the debt due the plaintiff "which is on record in the probate court," and it was ranked next after the debts covered by the deeds of trust.

That contract was introduced into this case first by the plaintiff's reply to the defendant's answer, it

is therein claimed as his contract, and it is in the reply averred that by virtue of that contract the defendant has no interest in the property in suit. After the execution of that contract and while, for aught that appears in this record, it was in full force, the plaintiff purchased the property from the administrator of the estate of Parmelia Brown and took the administrator's deed which was shown in evidence. The plaintiff could not under the circumstances, as far as they are shown in this record, take a deed from the administrator which would destroy the rights of the defendant under that contract. His deed from the administrator had the effect, as far as the rights of the parties to that contract are concerned, to convey the title to him in trust for the purposes in that contract expressed; he by that deed became the trustee instead of John Howard. In accounting with the parties as trustee he will of course be entitled to whatever legitimate expense he has incurred in obtaining the deed, to be paid him before any distribution of surplus as called for in the contract.

The contract specifies that out of the surplus of the proceeds the defendant is to have one-eleventh and one-fifth; it is not as clear as it might be, in one view it seems to cover only lots 5, 6 and 7, which were the lots sold to Shoup by the administrator, but further on it seems to have aimed to clear up that uncertainty and specifies that it is to cover lots 4, 5, 6 and 7 of block 1 of Landis & Hull's Addition.

As this is a proceeding under section 650, Revised Statutes 1899, to quiet title, the court could not have gone forward and taken an account even if the land had been sold and the parties were ready for an accounting (the facts as to which the record in this case does not show) because such a proceeding could not be conducted under this statute. [Seidel v. Cornwell, 166 Mo. 51.] It is contended by the plaintiff that the

parties failed to comply with their part of the contract Exhibit A and that there is, or will be, no surplus to divide. But that is a matter that cannot be settled in this suit and is left for future settlement amicably or by litigation as the occasion may require. We do not intend by anything said in this opinion to forestall any defense the plaintiff may offer if he should be hereafter called into court to answer as trustee under the contract, further than to say that the title he acquired by his deed from the administrator of the estate of Parmelia Brown deceased is subject to whatever equities the defendant has under that contract.

When the circuit court decreed that the defendant Henry P. P. Brown had no interest in the land it thereby cut him off from any share he might be entitled to in the surplus if there should be a surplus in the proceeds of the land when it is disposed of by the trustee, and to that extent the judgment is erroneous.

The judgment is reversed and the cause is remanded to the circuit court with the directions to enter a decree vesting the title to the lot in question in the plaintiff subject to the equities if any the defendant may have under and by virtue of the contract shown in the record in this case marked Exhibit A of date 19th December, 1899, between John G. Howard, William A. Howard, Ellen Howard, Henry Philip Price Brown, Grace Brown and Evelyn Knapp, and that the plaintiff and defendant pay each one-half the costs in the circuit court.

All concur.