MISSOURI, KANSAS and TEXAS RAILWAY COM-
PANY, Appellant, v. MELVIN H. MORRIS, Re-
spondent.

Kansas City Court of Appeals, February 13, 1911.

1. ATTACHMENT: Judgments: Order of Publication. Where,
the order of publication against the defendant does not give
his christian name, the justive acquires no jurisdiction to ren-
der a judgment sustaining the attachment.

2. APPELLATE PRACTICE: Garnishments: Defense of Void
Judgment. Where, after such a judgment against a non-resi-
dent defendant, a further judgment is rendered by default
against a garnishee which failed to appear after plaintiff's denial
of its answer to plaintiff's interrogatories, the garnishee is not
estopped from setting up the fact on appeal that the judgment
rendered against it is void.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoff-
man,* Judge.

REVERSED AND REMANDED.

*Montgomery & Montgomery* for appellant.

*W. D. Steele* for respondent.

BROADDUS, P. J.—This is an action of replevin
to recover certain lumber belonging to plaintiff, which
had been sold under an execution issued against the
plaintiff by a justice of the peace, upon a judgment
which the defendant had obtained against plaintiff as
garnishee.

The defendant in May, 1904, brought a suit by at-
tachment before a justice of the peace, against one W.
E. Seifer, upon a promissory note. The ground relied
on in the attachment suit was that Seifer was a non-resi-
dent of the state.

The appellant herein was garnisheed and thus made a party to the proceedings.

On April, 28, 1905, an order of publication was made for the defendant under the name of W. E. Seifer to appear and answer to the cause on May 20, 1905. The defendant not appearing at that date judgment was rendered sustaining the attachment.

A summons was issued for the garnishee to appear on April 28, 1905, to answer interrogations, upon which the constable made the following return: "I hereby certify that I delivered a true copy of the within summons to J. F. McDougall, agent of the Missouri, Kansas & Texas Railway Company, at Sedalia, Missouri, on the 17th day of April, 1905, in the city of Sedalia, county of Pettis, and State of Missouri."

On April 21st, the garnishee, the appellant herein, submitted its answer to the interrogations filed in which it denied all indebtedness to Seifer, or that it had in its possession any money or property belonging to him; and further, that it was not subject to garnishment for the demand under the provision of section 3447, Revised Statutes 1899.

On April 28th, Morris filed his denial of the garnishee's answer. On the following day judgment was rendered against the garnishee by default. On this judgment the execution was issued under which the constable seized the lumber, the property replevined.

The judgment was for defendant and plaintiff appealed. We have stated enough of the facts for the purpose of the case.

The appellant's principle contention is that the justice under the service by publication acquired no jurisdiction to render judgment sustaining the attachment, for the reason; that, the order of publication did not give the Christian name of the defandant; but against him as W. E. Seifer. It is held: "Where in an action against a non-resident, the order of publication against the defendant gave his name as Q. R. No-

Dooley v. Ryan.

land instead of Quinces R. Noland, and there was no personal appearance under the order of publication, the court acquired no jurisdiction." [Skelton v. Sackett, 91 Mo. 377.] And to the same effect is the holding in Turner v. Gregory, 151 Mo. 100. And the rule is also recognized in Vincent v. Means, 184 Mo. 327.

But defendant insists that the plaintiff as garnishee by its failure to appear and defend the garnishment is estopped and cannot at this time claim that the judgment rendered against it is void, and relies to support its position upon Fletcher v. Wear, 81 Mo. 524. But the effect of the holding does not go to sustain defendant's position, but on the contrary to overturn it, and sustain the theory of plaintiff.

Other questions are raised by the appellant, but as the record shows in any light it may be considered, that the judgment sustaining the attachment is void for the reason stated, and further discussion of the case would not be profitable. The cause is reversed and remanded. All concur.