# W. F. WHITE, Appellant, v. W. J. GRAMLEY and S. M. RHOADMAN.

**Division One, July 12, 1911.**

1. **ATTACHMENT: Service by Publication: Initials in Lieu of Christian Name.** Except in cases presenting certain elements of estoppel, service by publication directed to a defendant by initials in lieu of his Christian name is wholly insufficient, and a judgment rendered pursuant thereto is itself void.

2. **FINDING OF FACTS: Judgments: Presumptions.** A finding of facts, characterized as "partial," made by the trial court on its own motion, which finding possesses none of the requisites of a statutory special and separate finding, does not diminish the force or number of the usual presumptions which the law summons to the support of general judgments, in trials before the court without a jury, when those judgments are called in question before the Supreme Court.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett,* Judge.

AFFIRMED.

*Robertson & Robertson* for appellant.

The publication of the order of publication in the attachment suit was notice to the defendant Rhoadman. Irvine v. Leyh, 124 Mo. 361; Jones v. Driskell, 94 Mo. 190; Warren v. Manwarring, 173 Mo. 21; Morrison v. Turnbaugh, 192 Mo. 427; Cooper v. Gunter, 215 Mo. 558.

*Barclay, Fauntleroy & Cullen* for respondents.

The order of publication is made notifying "S M. Rhoadman" of the commencement of an action. As the defendant did not enter his appearance, this order directing notice to him by initials "S. M. " is insufficient and conferred no jurisdiction upon the

court to make any order or render any judgment whatever, and any judgment rendered may be attacked in a collateral proceeding. Ohlmann v. Sawmill Co., 222 Mo. 66; Proctor v. Nance, 220 Mo. 112; Evarts v. Lumber Co., 193 Mo. 450; Vincent v. Means, 184 Mo. 327.

BLAIR, C.—This is a suit in ejectment for certain lands in Audrain county. The sole issue in the case was whether appellant had acquired title at a sheriff's sale in a suit instituted by him by attachment against respondent in 1905. In that suit service was by publication against S. M. Rhoadman, whereas the evidence discloses that respondent's name is Sam or Samuel M. Rhoadman. Questions as to the nonresidence of respondent at the time of the institution of the attachment suit, as to the sufficiency of the return of the sheriff on the writ of attachment and as to the inadequacy of the sum the land brought when sold, are discussed, but in the view we take of the case need not be considered.

I. Appellant's claim of title depends wholly upon the validity of the proceedings in the attachment suit brought by him against respondent in 1905. Necessarily also, the validity of those proceedings depends, in the first instance, upon the efficiency of the order of publication in that case. This court has uniformly held (Skelton v. Sackett, 91 Mo. 377; Vincent v. Means, 184 Mo. l. c. 344; Williams v. Lobban, 206 Mo. l. c. 408; Evarts v. Lumber & Milling Co., 193 Mo. l. c. 449; Proctor v. Nance, 220 Mo. l. c. 112; Spore v. Land Co., 186 Mo. l. c. 660; Turner v. Gregory, 151 Mo. 100) that, except in cases presenting certain elements of estoppel, publication directed to a defendant by initials in lieu of his Christian name, is wholly insufficient and a judgment rendered pursuant to such void publication is itself void. There is nothing in the record which brings this case within the exception mentioned.

II.  No finding of facts was requested by either party, but the trial court, on its own motion, made a finding which it characterized as a *partial* finding of facts.  The finding seems to have been elicited by appellant's tender of certain instructions which the court refused, and is confined to the features of the case dealt with in those instructions.  This partial finding of facts possesses none of the requisites of a statutory special and separate finding, and in no wise diminishes the force or number of the usual presumptions which the law summons to the support of general judgments, in trials before the court without a jury, when those judgments are called in question here.

The judgment must be affirmed. *Brown, C.* concurs.

PER CURIAM.—The foregoing opinion of Blair, C., is adopted as the opinion of the court.  All the judges concur.