ALEXANDER CARTER, Appellant, v. CATHERINE W. PHILLIPS *et al.*, Respondents.

St. Louis Court of Appeals, April 19, 1892.

Taxes: RECOVERY BY PURCHASER AT VOID JUDICIAL SALE. One who purchases land at an invalid sale of the same for general taxes, and who subsequently pays taxes thereon, cannot, in the absence of a statutory provision therefor—and there has been none in this state since 1877—recover from the owner of the land, either the amount paid by him for the land at such sale, or the amount of the taxes subsequently paid by him.

*Appeal from the Carter Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*J. C. Carty* and *Wm. Carter*, for appellant.

(1) The court erred in sustaining the defendant's demurrer to the plaintiff's petition. The petition stated a cause of action against the defendant, which entitled him to a recovery. R. S. 1889, sec. 7570; *White v.*

*Shell,* 84 Mo. 569; *Bingham v. Birmingham,* 103 Mo. 345; *Pitkin v. Reibel,* 104 Mo. 505; *Kemp v. Cossaart,* 14 S. W. Rep. 465; Black on Tax Titles, sec. 267; Cooley on Taxation, p. 374. (2) The court erred in holding, as it must have done, that the doctrine of *"caveat emptor"* applied to the sales of lands under a judgment for taxes, for the state had a lien for the unpaid taxes, and the purchaser at such back-tax sales became subrogated to the rights of the state under her lien. Authorities above cited, and *Valle's Heirs v. Fleming's Heirs,* 29 Mo. App. 152; 8 Mo. App. 145; *Schaefer v. Causey,* 9 Mo. App. 199; *Ry. & Trans. Co. v. Skinner,* 9 Mo. App. 189. (3) The court erred in holding, as it must have held, that plaintiff was not entitled to recover the taxes which he had paid upon said lands after his purchase of the same, and prior to the recovery of the same in the action of ejectment by respondent. See authorities above cited.

No brief filed for respondent.

BIGGS, J.—On October 11, 1887, the plaintiff became the purchaser of certain lands in Carter county, which were on that day sold by the sheriff under an execution issued upon a judgment for the taxes assessed against the land for the year 1885. The legal title to the land, as it appeared from the records, was vested in Frederick Phillips, who was named as a party defendant in the tax suit, and publication was had against him. The defendants are the heirs-at-law of Frederick Phillips, and, at the October term, 1890, of the circuit court of Carter county, they recovered from the plaintiff the possession of the land by judgment of ouster in an ejectment suit. The plaintiff's tax title failed for the reason that Frederick Phillips was dead at the time the tax suit was instituted. Subsequent to the sale under the tax judgment, and prior to the

institution of the suit in ejectment, and before the plaintiff was informed of the infirmity of his title, he paid the taxes assessed against the lands for the years 1888 and 1889.

The present action was instituted by the plaintiff for the purpose of recovering the amount bid by him at the tax sale, and also the taxes subsequently paid by him. The petition set forth the above facts. The circuit court sustained a demurrer to the petition, and, the plaintiff refusing to plead further, final judgment was entered on the demurrer. The plaintiff has brought the case to this court by appeal.

We are of the opinion that the demurrer was rightly sustained. The rule of *caveat emptor* applies to the purchase of land at a tax sale. The purchaser must beware of what he purchases. He either gets the land or nothing. Where, as in this case, he gets nothing by his purchase, the circumstances may be such as to create an equity in his favor for reimbursement to the extent to which his money discharged the taxes rightly assessed against the land, but it is only a bare equity and not enforceable in the absence of a statute on the subject. A like equity exists in favor of every purchaser at execution sale who fails to get title. Mr. Black in his work on tax titles says: "A mere purchase of land at a tax sale gives no lien enforceable in equity for the reimbursement of the money paid. But, when the tax title proves defective, the statutes of several states create a lien in favor of the purchaser for the amount of the price paid, either generally or in special cases." Black on Tax Titles, sec. 266. Judge COOLEY thus states the rule: "The tax purchaser buys, therefore, under the operation of the rule *caveat emptor*, and under common-law rules would get nothing unless he got the land itself; but undoubtedly he has an

equity, in the event of his title failing, to be reimbursed for his expenditure, and this the legislature in a number of the states has deemed it proper to make provision for." Cooley on Taxation [2 Ed.] 476. In this state the revenue law of 1872 (2 Wag. Stat., sec. 219, p. 1206) provides in substance that, if the holder of a tax deed was defeated in an action of ejectment, he might under certain circumstances recover from the owner of the land the full amount of all taxes paid at the time of the purchase, and also all subsequent taxes paid by him. The decisions of the supreme court in *White v. Shell*, 84 Mo. 569, and *Pitkin v. Reibel*, 104 Mo. 505, upon which the plaintiff relies, rest on this statute. These cases in no way aid the plaintiff, for the reason that this section of the revenue law was repealed in 1877 (Laws of 1877), and has never been re-enacted. So in the case of *Bingham v. Birmingham*, 103 Mo. 345, upon which the plaintiff also relies. That was a suit to recover taxes paid at a void tax sale, and the right of recovery was based on a similar provision in the charter of Kansas City in reference to void sales for city taxes. The judgment for the taxes paid was sustained solely on the authority of the charter provision. Like actions have been maintained in Iowa (*Everett v. Beebe*, 37 Iowa, 452; *Sexton v. Henderson*, 45 Iowa, 160; *Claussen v. Reyburn*, 14 Iowa, 136; *Orr v. Travacier*, 21 Iowa, 68; *Thompson v. Savage*, 47 Iowa, 524); also in Kansas (*Belz v. Bird*, 31 Kan. 139; *Coonradt v. Myers*, 31 Kan. 30; *Arn v. Hoppin*, 25 Kan. 707), and in Indiana (*Crecelius v. Mann*, 84 Ind. 147); but the judgments in all of these cases were sustained under statutes authorizing the recovery of all taxes paid by the holder of a void tax deed.

As to the payment of the taxes for the year 1888 and 1889 the plaintiff was a mere volunteer. The taxes were paid by the plaintiff without request, either

express or implied, and the petition fails to allege a subsequent promise by the defendants to reimburse him. Judge WAGNER in the opinion of the court in the case of *Allen v. Richmond College*, 41 Mo. 302, 309, stated the rule in this way: "As a general proposition, no man can make himself the creditor of another by any act of his own unsolicited and purely officious. There must be a previous authorization, either express or implied, or an assent or sanction given after the money is paid or the act done. If a plaintiff volunteers a payment on account of a defendant without any authority or request, express or implied, the defendant is not obliged to reimburse him."

There are exceptions to this rule, but the present case cannot be brought within any of the exceptions. It cannot be taken out of the rule upon the idea that the taxes were paid under a mistake of ownership. "The rule," says Judge COOLEY, "as to the remedy in cases in which parties have paid taxes under a supposition that they were the owners, which afterwards proved to be erroneous, are different in different states. In some states such a payment would not only give the party paying a right of action against the owner of the land, but would also give him a lien upon the land for his security. But there is no general rule to this effect, and in the absence of any statute on the subject the ruling of the federal supreme court would be followed, that ignorance of the law in respect to title and good faith in the payment of taxes will not sustain an action where the payment has been voluntary, without any request from the true owners of the land, and with a full knowledge of all the facts." Cooley on Taxation, pp. 467-8. The decision of the court in the case of *Napton v. Seaton*, 71 Mo. 358, 369, is in harmony with the law as stated by Judge COOLEY. That was a suit in ejectment, and it appeared that the defendant had in good

faith paid the taxes on the land in dispute, believing that he was the true owner. His contention was that the plaintiffs must account to him for the taxes. The court disposed of the matter in this way: "As to defendant's right to recover taxes paid, it may be said that such payments were not made upon the request of the plaintiffs, but were entirely voluntary; that the assertion of title on the part of Mrs. Miller, upon the truth of which plaintiff relied, had the effect of depriving her of the use and enjoyment of the lands, and of allowing the use of the same to remain in the defendant. No action can be maintained for money paid for another, except upon previous request, express or implied, or subsequent assent and sanction."

The payment by one tenant in common of all taxes rightly assessed against the common property, where his cotenant fails to contribute his share, forms an exception to the rule. The paying tenant cannot be treated as a mere volunteer in the payment of the tax by reason of his actual interest in the property itself. The case of *Union Ry. & Trans. Co. v. Skinner*, 9 Mo. App. 189, 199, presented such a state of facts, and the affirmance of the decree of the circuit court could well have been arrested on this principle.

So a mortgagee may pay the taxes on the mortgaged premises, when the mortgagor has defaulted in their payment. He has the right to preserve his security. But even in such a case the supreme court has decided (*Horrigan v. Wellmuth*, 77 Mo. 542) that his claim for such taxes must be enforced as a part of the mortgage debt, and not otherwise, In other words, if the mortgage is satisfied without the adjustment of the claim, the mortgagee would not be permitted to maintain an independent action for debt against the mortgagor, or an action in equity for the enforcement of the tax lien by virtue of the law of subrogation.

Under these authorities we must conclude and hold that the plaintiff has no cause of action, and consequently the judgment of the circuit court must be affirmed. The reasoning of the supreme court in *Valle v. Fleming*, 29 Mo. 152, and of this court in *Schaefer v. Causey*, 8 Mo. App. 142, would seem to lead to a different conclusion, but the common-law rule governing the present action must be followed by us, as it seems to have the direct support of the decisions of the supreme court to which we have alluded in this opinion.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It will be so ordered.