VASTINE V. LACLEDE LAND AND IMPROVEMENT COMPANY, *Appellant.*

Division One, June 23, 1896.

Delinquent Taxes: PUTTING TAX DEED OF RECORD: STATUTE. Section 7698, Revised Statutes, 1889 (*Ibid.* Revenue Act of 1872, section 22), which provides that any person placing a tax deed on record shall be deemed to have set up such title as to enable a claimant of the land to maintain an action for the recovery of the possession against the grantee in the deed, refers only to collectors' deeds mentioned in the revenue act of 1872, and does not apply to sheriff's deeds made under the act of 1877 (*Ibid.* R. S. 1889), pursuant to a judgment and execution for delinquent taxes (following *Childers v. Schantz,* 120 Mo. 305).

*Appeal from Reynolds Circuit Court.*—HON. J. F. GREEN, Judge.

REVERSED AND REMANDED.

VOL. 135 mo—10

*Dinning & Byrns* for appellant.

(1) An action of ejectment can not be maintained against a defendant who is not in possession of any of the property described in the petition, and the sheriff's deeds read in evidence did not place the defendant in possession of the premises described in the petition and in controversy here.    *Childers v. Schantz*, 120 Mo. 305. (2) The tax deed and orders of publication introduced in evidence by the plaintiff vested all the title of plaintiff to the land in controversy to the grantee in said deeds.    These sheriff's deeds contain all the necessary recitals required by law to be done and are *prima facie* evidence of title, and that the matters and things therein stated are true.    See section 7684, R. S. 1889.    (3) The plaintiff has never questioned the validity of either of said sheriff's deeds except on the simple ground that they convey the title of "J. P. Vastine" instead of "Joseph P. Vastine" of the lands in controversy, and this contention is not well taken.    See *Mosley v. Riley*, 28 S. W. Rep. 895.    (4) The court erred in refusing to sustain defendant's motion for a new trial for the lands in sections ten and twenty-four in plaintiff's petition described.    (5) Upon plaintiff's own showing the defendant was not in possession of the premises nor any part thereof at the commencement of the suit and that the defendant is the owner of all said lands.    The judgment against the defendant for the possession of said lands in sections 10 and 24 ought to be reversed and not remanded.

*W. L. Beyersdorff* for respondent.

(1) The whole spirit and purpose of action of ejectment is to try title.    *Clarkson v. Stanchfield*, 57 Mo. 573.    (2) Possession will be considered as follow-

ing the ownership, no adverse possession. Taylor L. and T. [5 Ed.], section 86; *Moore v. Perry*, 61 Mo. 174; *Turner v. Baker*, 64 Mo. 245. (3) Occupancy or residence on the property not necessary to constitute possession. *Phillips v. Phillips*, 107 Mo. 360. (4) The constructive possession of the legal owner does not satisfy statute, if an actual possession. *Shaw v. Tracy*, 95 Mo. 531; *Burch v. Gillis*, 67 Mo. 102; *Charter Oak v. Cummings*, 13 Mo. App. 80. (5) Defendant was never in actual possession and claimed under tax sale as color of title and ejectment sustained. *Chapman v. Templeton*, 53 Mo. 463. (6) Where a mode of securing jurisdiction differing from that of common law is prescribed by statute, nothing less than a rigid and exact compliance with statute will confer jurisdiction. *Harness v. Cravens*, 126 Mo. 233.

ROBINSON, J.—This is an action of ejectment to recover the possession of certain lands in Reynolds county named in plaintiff's petition. The petition is in the usual form, alleging defendant's entry into, and withholding of, same since August 2, 1887.

The answer, after admitting defendant's corporate existence, is a general denial.

Plaintiff then offered in evidence deeds from the government by mesne conveyance to himself, all of which, so far as the determination of this appeal is involved, may be taken as having invested him with the title to the land. It was then agreed that this was wild, uncultivated land, in the actual occupancy of no one.

Plaintiff further offered in evidence two sheriff's deeds to J. B. White, including this and other lands, based upon judgments in the circuit court of Reynolds county, rendered against J. H. Dieckman and J. P. Vastine, for delinquent and back taxes due on said lands, containing all the necessary recitals required to

be done and performed by the statute, and duly acknowledged and recorded; then deeds from White to the Reynolds Land Company, and from the Reynolds Land Company to defendant, including same lands, all duly acknowledged and recorded, for the purpose of showing his right to maintain this action against defendant, as the constructive possessor of the lands in controversy, as provided by section 7698, Revised Statutes, 1889, which reads, that "any person hereafter putting a *tax deed* on record in the proper county, shall be deemed to have set up such a title to the land described therein as shall enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against the grantee in deed, or any person claiming under him, whether such grantee or person is in actual possession of the land or not."

Then, for the purpose of showing want of jurisdiction in the court to render judgment against him in the tax suit, and to avoid the force of the sheriff's deed made to defendant's grantor by sale under execution issued on such judgment, which plaintiff had offered in evidence to show that defendant had set up such a title to the land named therein as entitled plaintiff to maintain this action of ejectment against defendant as the constructive possessor thereof, plaintiff read in evidence an order of publication in a suit for delinquent taxes against J. H. Dieckman and J. P. Vastine for back taxes due on the land in controversy, then belonging to himself, contending that the published notice to J. P. Vastine was not sufficient to authorize a valid judgment against the lands of Joseph P. Vastine, and as no valid judgment could be rendered, the sheriff's deed based thereon would not operate to divest him of title, or invest same in defendants or his grantors so

as to make it a shield against this, his action of eject-
ment.

Here plaintiff closed his case, and the foregoing
was all the evidence introduced at the trial, so far as
the same relates to the land in controversy.

The defendant introduced no evidence, but asked
the court to give this instruction, "that under the plead-
ings and evidence the plaintiff is not entitled to
recover," which was refused, and the court then ren-
dered its judgment for plaintiff for the possession of
the land, and for costs against defendant, and on refus-
ing to set same aside, on defendant's application, this
appeal has been duly prosecuted to this court after the
usual preliminary steps taken.

Appellant's first contention is, that the placing
upon record, by its grantors, of the two sheriff's deeds,
read in evidence, founded upon judgment for delin-
quent taxes, purporting to convey the interest of plain-
tiff in the land in controversy to defendant's grantor,
neither placed the defendant nor its grantor in such pos-
session of the land as would authorize plaintiff to
maintain this action of ejectment against it; and, sec-
ondly, that plaintiff, by the introduction of the sheriff's
deed, has shown himself deprived of all title to the
land in suit, and that for either or both reasons he can
not maintain this action.

If appellant's first contention is correct, then the
action of ejectment can not be maintained against him
on account of a want of proof to show his possession of
the land, and the discussion of the other questions as
to the effect of the sale of the land under a judgment
for delinquent taxes against plaintiff on publication
notice, in the initials of his Christian name need not be
considered.

In the case of *Childers v. Schantz*, 120 Mo. 305,
BLACK, P. J., in discussing the effect of section 7698 as

applying to parties holding sheriff's deeds made pursuant to a sale under an execution issued on a judgment in a suit to enforce the state's lien for delinquent taxes, holds that it does not apply; and says that it is confined to the "collector's deed" mentioned in the revenue act of 1872 wherein section 7698 of the present statute first appeared.

The "tax deed" referred to in section 222 (Laws 1872, p. 130) of the revenue act of 1872 (now section 7698, R. S. 1889) was a designation given by section 216 of the act itself, to deeds made by collectors only. Section 217 of that act reads "the deed so made by the collector shall be called a *'tax deed'* * * * ;" thus showing that only a particular, and statute defined instrument, was to have the effect to give to its holder who should put it upon record the anomalous attitude of being in constructive possession of lands at the same time and along with the owner of the land who might hold the permanent title by conveyance, so that suit might be instituted by the owner of the paramount title against the apparent owner and constructive possessor under a collector's deed, designated by statute as a "tax deed."

Whether we consider section 7698 as a provision conceived and enacted for the benefit of the holder of a "collector's" or "tax deed," or as conferring upon the holders of the paramount title to lands that are sought to be clouded by the placing upon the record of worthless collector's or tax deeds (purporting to affect them) the right by ejectment to test their merits, it certainly confers by construction a possession in one case, and a right of action in the other not recognized at common law, and its provisions will not be extended beyond the strict terms of the act, so far as to make it comprehend in its effect lands embraced in other deeds than the exact and particular deed named and desig-

nated in the act, that is, "tax deeds" made by the collector, and will not be so construed and held to affect lands conveyed by a sheriff's deed founded upon a judgment for delinquent back taxes.

Whether section 7698, Revised Statutes, 1889 (formerly section 222 of the revenue act of 1872), was not by necessary implication repealed by the adoption of the delinquent tax act of 1877, might be a question to seriously consider, if it was thought necessary to avoid the force of its operation by that means alone.

The entire mode and manner provided for the collection of delinquent taxes as provided by the act of 1872 was changed by the provisions of the act of 1877 and the collector was no longer required or permitted to make sales of lands for delinquent taxes, or make his "tax deed" therefore, but in lieu and substitution of the sale by the collector, and the making of the collector's "tax deed," as provided by the act of 1872, the act of 1877 provided as a means for the enforcement and collection of the delinquent taxes charged against the lands of the state, that the collectors of the different counties through an attorney appointed respectively by them, with the approval of the county court, must cause suit to be instituted in the courts of competent jurisdiction in their respective counties to enforce the state's lien for the taxes, penalties, and cost, and to satisfy the judgment obtained therein, the sheriff is required under a special *fieri facias* to advertise and sell the property or so much as may be necessary to discharge said tax lien, judgment, and costs, the same as he might do under ordinary execution, and make his deed therefor to the party or parties purchasing said delinquent tax land. Since 1877 the collectors of this state have had no authority to make sales of land for delinquent taxes, hence could make no deeds

denominated (by the act giving the authority to sell) "tax deeds."

And as no deeds of the collectors denominated "tax deeds" were to be or could be made (the filing of record of which authorizes suits of ejectment against the grantee therein, as provided by section 7698), the section was practically repealed for want of a condition of facts on which it was possible for it to operate.

Clearly the defendant nor his grantor, through whom he received deeds to the land in controversy, was never in the constructive possession thereof, by the mere placing upon record these sheriff's deeds to the land. And as, by the agreed statement of facts, the land was shown to be in the actual possession of no one, plaintiff can not maintain his action on the proof made.

As plaintiff can not maintain his action of ejectment for the above reason, it will be unnecessary to discuss the effect of the sheriff's deed to the land under sale upon the tax judgments rendered by default on notice of publication to J. P. Vastine of land recorded in the name of Joseph P. Vastine.

The judgment of the circuit court will be reversed and cause remanded with directions that the trial court enter judgment for defendant. MACFARLANE, J., concurs; BARCLAY, J., concurs in result; BRACE, C. J., absent.