THOMAS J. ROWE et al., Appellants, v. CURRENT RIVER LAND & CATTLE COMPANY, Respondent.

St. Louis Court of Appeals, March 3, 1903.

One who buys land at an invalid tax sale under a judgment for general taxes, and thereafterwards pays the taxes on the land as they accrue, can not in the absence of a statutory provision therefor (and there has been none in this State since 1877), when defeated by the owner of such land in an action against him, have the purchase price of the land and the taxes paid by him declared a lien against it, nor can he recover the amount so expended by him from the owner of the land.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions*).

*Warren D. Isenberg, John C. Brown* and *Thomas M. & Cyrus H. Jones* for appellants.

(1) One who purchases land at an invalid sale of the same for general State and county taxes, and who subsequently pays taxes thereon, can not in the absence of a statutory provision therefor, recover from the owner of the land, either the amount paid by him for the land at such sale, or the amount of the taxes subsequently paid. (2) At common law the purchaser at a sale for taxes comes strictly and rig-

idly within the rules of caveat emptor. The bidder can not be considered a bona fide purchaser in the customary sense of that phrase. The proceedings are of record and he is chargeable with notice of every defect and irregularity appearing in them. Cooley on Taxation (2 Ed.), 467, 468 and 531; Hamilton v. Valiant, 30 Md. 139; State v. Casteel, 110 Ind. 174. (3) The payment of taxes by a purchaser of a void title is voluntary and can not be recovered from the true owner. Black on Tax Titles (2 Ed.), sec. 463; Harrigan v. Willmuth, 77 Mo. 545; Homestead Co., v. Valley Ry., 17 Wall. 167. (4) There must be a statutory provision changing the common law rule before a recovery can be had, and in Missouri there has been no statutory provision for the recovery of taxes paid out by purchaser at void tax sale since 1877. Therefore, the right claimed by respondents can not be upheld. Carter v. Phillips, 49 Mo. App. 319; Black on Tax Titles (2 Ed.), sec. 469; Ross v. Mabry, 1 Lea 226; Smith v. Blackston, 47 N. W. Rep. 1075; Cooley on Taxation (2 Ed.), 531.

*James Orchard* and *L. B. Shuck* for respondent.

(1) When one has become a purchaser in good faith under a sale which proves to be void for irregularity, and the purchase money has been applied to a satisfaction of the lien for which the sale was ordered, the purchaser becomes subrogated to the rights of the lienholder to the extent of his payment. Burden v. Johnson, 81 Mo. 318; Valle's Heirs v. Fleming's Heirs, 29 Mo. 152; Henry v. McKerlie, 78 Mo. 416; Morris v, Hammerle, 40 Mo. 488. (2) The payment of taxes by a purchaser of land at a judicial sale, in good faith that he has title thereto, is not voluntary in the ordinary sense of the term, but money paid to remove an incumbrance for which the land itself is liable. Schaefer v. Cansey, 8 Mo. App. 142; s. c., 76

Mo. 365; Shroyer v. Nickell, 55 Mo. 264. (3) Taxes extinguished by respondent's purchase of the land in question were a lien against the same. R. S. 1879, sec. 6832.

REYBURN, J.—This is an action brought under the provisions of an act of the Legislature of Missouri, approved March 15, 1897 (Laws 1897, page 74), being sections 650, 651 and 652 of the present statutes, to determine the interests and quiet the title to a tract of realty in Shannon county. The material allegations of plaintiffs' petition were that they owned and claimed to have title in fee simple to the tract described, which was not in the actual possession of any person, but that the defendant claimed some title, estate or interest in such real estate adverse to the estate of plaintiffs therein, and plaintiffs prayed the court to try, ascertain and determine the interests and title of plaintiffs and defendant respectively to the realty, and by its decree adjudge and define whatever interests the several parties plaintiffs and defendant might have therein. Defendant's answer alleged that it claimed title to the land described in plaintiff's petition by virtue of a sheriff's deed under a sale for back taxes made on the 14th day of September, 1887, based on a judgment rendered on the 16th day of March, 1887, by the circuit court of Shannon county against the record owners of the land as appeared from the records of said county, for the back taxes for the years ———. That at the sale thereof defendant in good faith purchased such lands, and had ever since claimed title thereto, and by virtue of such sale and purchase by defendant, defendant liquidated and paid off the sum of $36.49 taxes then standing against said lands, which were a lien thereon, and that since such purchase defendant had paid on said lands and discharged therefrom the further sum of $50.42 taxes, and the defendant prayed that if the title to such lands

was adjudged in the plaintiffs, that the judgment of the court be that plaintiffs refund and pay to defendant the sum of $86.91, the amount of taxes so discharged and paid by defendant. The reply was a general denial. The cause was tried before the court, which rendered judgment for the plaintiffs, finding that the legal and equitable title to the real estate involved was in the plaintiffs, subject, however, to a lien against it in the aggregate of $86.90 for taxes extinguished by defendant in purchasing the land at the sheriff's sale for taxes, and for taxes paid by defendant after such purchase in favor of defendant, and rendered judgment in accordance with such finding, that the legal and equitable title was adjudged to be in plaintiffs, subject to the lien above in favor of defendant for the sum of $86.90.

The case has been submitted to this court upon the following agreed statement of facts:

"It is admitted that neither the plaintiffs nor the defendant had ever been in actual possession of the real estate in controversy, and that this is an action to settle, try and define title to real estate under the provisions of an act entitled, 'An act to enlarge the jurisdiction of courts of record in suits to determine and quiet the title to real estate,' approved March 15, 1897, Acts of 1897, page 74.

"It is further admitted that one David Rowe procured a patent of the land in controversy from the United States in the year 1860, and that said David Rowe duly conveyed said land to the plaintiffs herein on the 12th day of August, 1897.

"It is admitted that defendant claimed the property under and through a sheriff's deed for back taxes based on a suit begun in the circuit court of Shannon county, Missouri, on January 2, 1887, in which suit the State of Missouri ex rel. W. M. Freeman, collector of revenue of Shannon county, Missouri, was plain-

tiff, and E. E. Zimmerman and Henderson Jennings, were defendants; a final judgment in said cause having been rendered against said defendants on March 16, 1887.   All of such tax proceedings being under the provisions of article 6, chapter 145, Revised Statutes of Missouri of the year 1879.

"It is further admitted that Henderson Jennings, one of the defendants in said tax proceedings, appeared by the deed records of Shannon county, Missouri, to be the record and true owner of the real estate in controversy at the time said tax proceedings were instituted, but on  account of one of the deeds through which said Henderson Jennings claimed, being a forgery, said Henderson Jennings had no title to said real estate, and the true title thereto was, at the time of the institution of said tax proceedings, in David Rowe, the original patentee of said property.

"It is further admitted that the defendant bought the property in controversy at said tax sale in good faith, paying therefor the sum of $36.49, and believing that it had thus acquired a good title to said property, paid out and expended the sum of $50.41 in taxes on said property, before receiving any notice that its title thus acquired was defective.

"It is admitted that the aggregate amount paid by defendant for the property in controversy at said tax sale and taxes  subsequently  paid  thereon, is $86.91; and that the circuit court rendered a judgment in favor of defendant for the aggregate amount thus expended and declared such judgment a lien upon the property in controversy.

"The plaintiff's appeal is taken from the judgment of the circuit court requiring them to pay and reimburse the defendant in the sum of $86.91 paid by the defendant in purchasing the property in  controversy at said tax sale, and taxes subsequently paid thereon, and in making said judgment a lien on the real estate in controversy.   And the action of the cir-

cuit court in rendering such judgment against the
plaintiffs, and making same a lien upon the real estate
in controversy, is the only issue to be passed upon by
the appellate court.

"The foregoing statement of facts shall be
treated by the Supreme Court as all the evidence in-
troduced by the plaintiff and defendant in the trial in
the circuit court of this cause."

The section of the revenue laws found in Wag-
ner's Statutes of 1872, section 219, page 1206, vol. 2,
affording relief to the holder of a tax deed defeated
in an action by or against him for the recovery of the
land sold, by requiring the successful claimant to pay
such holder the full amount of all taxes paid by the
tax purchaser on such lands at the time of purchase,
and all subsequent taxes paid by him with interest, was
dropped out of the statutes in 1877 and has never been
re-enacted. Respondent, however, appeals to an act
adopted by the Legislature in March, 1897, entitled,
"An act to enlarge the jurisdiction of courts of rec-
ord in suits to determine and quiet the title to real
estate," Acts of 1897, page 74, but even the liberal in-
terpretation to which this act is entitled by its reme-
dial character will not permit any construction avail-
ing defendant or sustaining the relief afforded by the
trial court. This statute was manifestly designed to
have no other effect than to broaden the authority of
the courts by empowering them in proper proceedings
to settle and define the title and estate, legal or equit-
able, vested or contingent, present or prospective, to
disputed realty between the conflicting claimants, ir-
respective of possession, and to provide in such cases a
remedy where the possessory action of ejectment
would not lie. The bare or latent equity of the holder
of an invalid tax deed or title is lifeless and non-en-
forcible without express statutory recognition, and in
the absence of such legislation the lien of the State does
not pass and the doctrine of subrogation is not appli-

cable to the tax-title purchaser. As to the purchase price representing the taxes for which the sale is made, he has bought at his own peril and the doctrine of caveat emptor is rigidly applied, and as to such amounts as he may pay for taxes thereafter accruing, he is treated as a mere volunteer seeking to obtrude as a creditor, to whom relief will be denied even in equity.

The identical questions involved in this case were presented to this court in Carter v. Phillips, 49 Mo. App. 319. An examination of that case shows that the recovery of plaintiff was sought to be maintained by the same line of argument and by citation of the same authorities as are here invoked by respondent. Since the rendition of that decision the legal situation has continued unchanged, no legislation in support of the contention herein has been had in this State, and no ground has been shown for disturbing the conclusion reached in that case, which finds further support in the following additional authorities: Croskery v. Busch, 116 Mich. 288; State ex rel. v. Casteel, 110 Ind. 174; Harper v. Rowe, 53 Cal. 233; McCormick v. Edwards, 69 Tex. 106; 2 Desty on Taxation, page 1011.

The judgment of the court below will therefore be modified; in so far as it subjects the realty described to a lien in favor of defendant for its disbursement for taxes in the purchase of such realty and thereafter, it will be reversed; in other respects it will be affirmed, respondent to pay costs of this court, and it is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.