## BURKHAM v. MANEWAL, Appellant.

Division One, March 30, 1906.

1. **TAX SUIT: Sued By Initials.** Where the record title gives the owner's full Christian name, as Charles B. Burkham, notice by publication addressed to him by his initials only, thus, C. B. Burkham, is not sufficient to give the court jurisdiction over him in a suit for back and delinquent taxes, and a judgment by default against him, based on such process, is, as to him and his interest, void.

2. ——: ——: **Paying Taxes: Laches: Limitations.** The fact that the record title owner, whose wild and unoccupied land was sold for taxes in 1879 and 1882, in pursuance to an order of publication directed to him by the initials of his Christian name, has paid no taxes on the land since 1867, whereas the purchaser at the tax sale and those claiming under him have for various years since paid taxes thereon, does not bar the owner to maintain a suit under the statute to quiet title, nor is he compelled to refund the taxes paid by defendant before he can maintain such suit. The lands being wild and in the possession of no one, he could not bring ejectment, nor could he, being out of possession, maintain suit to quiet title until after the enactment of the statute of 1897 (sec. 650, R. S. 1899); and if his suit was brought within five years after that statute was enacted, he is not barred by limitations, nor can he be charged with laches if the case is a suit in equity.

3. ——: ——: **Ejectment: Putting Tax Deed On Record: Sec. 9319.** Section 9319, Revised Statutes 1899, declaring that any one putting a tax deed on record shall be deemed to have set up such a title to the land as will enable one claiming to own the same to maintain a suit for the possession thereof against the grantee in such tax deed or one claiming under him, was enacted in 1872, and was not intended to apply to a sheriff's deed under a special execution in a suit in the circuit court to collect delinquent taxes, but to the sales of lands for taxes under the law as it then was. It did not and does not afford the true owner the right to maintain ejectment against the purchaser at the sheriff's sale under a judgment of the circuit court, who is not in possession of wild lands, to have the void tax deed removed as a cloud upon his title.

4. ——: **Paying Taxes: Lien: Subrogation.** One who, unsolicited and with no interest of his own to protect and no obligation to do so, pays taxes on lands belonging to another, is a

mere volunteer, and thereby acquires no right as against the the owner to have a lien declared on the land in his favor for the amount of taxes paid by him when sued by the owner to quiet the title.

5. ——: ——: ——: **Statute of 1903.** The statute of 1903 (Laws 1903, p. 254), declaring that no one shall maintain a suit at law or in equity to set aside a tax deed unless in his petition he offers to refund the taxes paid by defendant and those under whom he claims, has no application to a suit begun and in which judgment was rendered before the statute went into effect.

Appeal from Madison Circuit Court.—*Hon. Robt. A. Anthony,* Judge.

AFFIRMED.

*David M. Tesreau* for appellant.

(1) The land in litigation was subject and liable to taxation and being duly assessed and charged with the lien and the taxes, paid by those who held deeds (except respondent), the lien attached in favor of the State. Secs. 3, 4, 6 and 7, art. 10, Constitution; secs. 9298, 4259, R. S. 1899. (2) The taxes due and unpaid on real estate are a lien, and the property is liable for all taxes assessed, past, present and future, and the State has the lien, and is authorized to enforce the same. No void tax sale can be set aside as was done by the judgment below until plaintiff in this action complies with the law as to the payment of taxes. Secs. 9297 and 9298, R. S. 1899; State ex rel. v. Angert, 127 Mo. 456; Laws 1903, p. 254; sec. 3150, R. S. 1899. (3) A court of equity will refuse relief where the party has slept upon his rights for an unreasonable length of time, and this, too, without regard to the Statute of Limitations. The non-payment of taxes from 1867 is an unreasonable length of time, and plaintiff should be barred from recovery. Lomis v. Railroad, 165 Mo. 495; Kroenung v. Goehri, 112 Mo. 648; Lemoine v. Dunklin

Co., 2 U. S. C. C. App. 343; Naddo v. Bardon, 2 U. S. C. C. App. 335. (4) The doctrine of laches "prevents the resurrection of stale titles and forbids the spying out from the records of ancient and abandoned rights. It requires of every owner that he take care of his property, and every claimant that he make known his claims." Laches is a good bar to the enforcement of a stale claim and constitutes a good equitable defense, and supersedes the Statute of Limitations, to work out justice. This is not a case where a party is ignorant of his property rights. It follows under the pleadings and evidence that plaintiff has been so long guilty of laches that he cannot recover in this case. Kline v. Vogel, 90 Mo. 239; Burgess v. Railroad, 99 Mo. 496; Lomis v. Railroad, 165 Mo. 495; Naddo v. Bardon, 2 U. S. C. C. App. 335. (5) The State through her officials has assessed and collected the taxes, and appellant and those through whom he claims (except respondent) have paid said taxes and removed the lien of the State, and is entitled to be subrogated to the rights of the State, and before respondent can recover the land, he must, in equity and good conscience, tender in his petition and offer to refund to appellant all sums of money so expended in removing the lien of the State. Respondent's failure to do so should result in the reversal of the judgment and dismissal of this suit. Laws 1903, p. 254.

*John C. Brown* for respondent.

(1) The sheriff's tax deed through which appellant claims is void because the owner, Charles S. Burkham, was not made party to the tax suit upon which said sheriff's deed is based, and it does not purport to convey his interest. Allen v. Ray, 96 Mo. 542; State ex rel. v. Sack, 79 Mo. 661; Evans v. Robberson, 92 Mo. 200; Graves v. Ewart, 99 Mo. 13. (2) The sheriff's tax deed through which appellant claims the remainder

of the land in controversy is also void because the only service in the tax proceedings upon which said deed is based was by publication in which respondent was designated only by the initials of his Christian name, to-wit, as "C. B." Burkham, while his name appears in full on the deed records as Charles B. Burkham. Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 344; Spore v. Ozark Land Company, 186 Mo. 656; Gillingham v. Brown, 187 Mo. 181; Skelton v. Sackett, 91 Mo. 377. (3) Respondent having the legal title and appellant holding but a void title, the judgment is for the right party and should be affirmed. Peak v. Laughlin, 49 Mo. 163; Throckmorton v. Pence, 121 Mo. 60. (4) Section 3150, Revised Statutes 1899, making sheriff's deeds for delinquent taxes prima-facie evidence of title, and the act of 1903 (Laws 1903, p. 254), requiring parties who contest the validity of such sheriff's deeds to refund the taxes paid or extinguished by the holders of such deeds, which laws are cited and relied upon by appellant, are both unconstitutional and void. Constitution, art. 4, sec. 53; art. 2, sec. 15; art. 2, sec. 30; Cooley on Constitutional Limitations (6 Ed.), 481-583; Leete v. Bank, 115 Mo. 184; Powell v. Gray, 95 Mo. 13; State ex rel. v. Tolle, 71 Mo. 650; State ex rel. v. Ashbrook, 154 Mo. 380; Childers v. Schantz, 120 Mo. 305; Vastine v. Improvement Co., 135 Mo. 145. (5) Mere payment of taxes by appellant could not divest respondent of his title. Any person can pay taxes on real estate and obtain receipt therefor, whether he claims same or not. There is no law whereby the owner can prevent other people from paying taxes on his land. R. S. 1899, sec. 9232. (6) Defendant's sheriff's tax deeds being void, no action could have been maintained by plaintiff to set them aside as clouds on his title until the enactment of section 650, Revised Statutes 1899, in the year 1897. The land was unoccupied. Peak v. Laughlin, 49 Mo. 163; Mason v. Black, 87 Mo. 329; Graves v. Ewart, 99 Mo. 13. (7) Limita-

tions and laches will run in favor of claimants holding voidable legal title, and also those who are in actual, hostile, adverse, possession, but will not aid the holder of a void title. When the owner of land has placed his deed on record, mere silence on his part cannot work an estoppel. Bales v. Perry, 51 Mo. 453; Throckmorton v. Pence, 121 Mo. 60; Mylar v. Hughes, 60 Mo. 105; Dunn v. Miller, 96 Mo. 338; Mason v. Crowder, 85 Mo. 526; Dunbar v. Green, 25 S. C. R. (U. S.) 621. (8) A tax title holder has no lien for taxes extinguished unless such lien is given by express statute, and there was no statute giving appellant a lien for the taxes he paid. Carter v. Phillips, 49 Mo. App. 319; Rowe v. Current River Land & Cattle Company, 99 Mo. App. 158; Petring v. Current River Land & Cattle Company, 95 S. W. 933; Croskery v. Bush, 116 Mich. 288; Cooley on Taxation (2 Ed.), secs. 531, 467, and 468; State v. Casteel, 110 Ind. 174; Harper v. Rowe, 53 Cal. 233; McCormack v. Edwards, 69 Tex. 106; Burke v. Brown, 148 Mo. 317; Blackwell on Tax Titles, secs. 410 and 411; Black on Tax Titles (2 Ed.), 409 and 413. (9) Even if there had been a law which declared that the holder of a tax title who extinguished taxes should thereby be subrogated to the rights of the State, such subrogated rights and liens were barred by the Statute of Limitations duly pleaded in this case, as to all taxes paid, except the sum of $34.28 which, from the agreed statement, it appears was paid during the five years next preceding the institution of this suit. R. S. 1899, sec. 9313; State ex rel. v. Edwards, 136 Mo. 360; Bushong v. Taylor, 82 Mo. 660.

VALLIANT, J.—This is a statutory proceeding under section 650, Revised Statutes 1899, to quiet title to certain real estate in Madison county. It is wild land and has never been occupied. The plaintiff's title comes in a direct line from the United States through patents and subsequent deeds duly recorded. The de-

fendant's title comes through sheriff's sales under special executions on judgments for delinquent taxes.

The land lies in sections 5, 6 and 7, township 31, range 7, east.

John Collins purchased from the United States that part of the land in question that lies in sections 5 and 6, and he and his wife by deed dated January 23, 1860, recorded March 8, 1860, sold and conveyed to plaintiff, Charles B. Burkham.

So the title stood on the record on July 15, 1882, when a suit was filed in the circuit court of the county in the name of the State at the relation of the collector of revenue against John Collins and John Burkham, defendants, to enforce against the land a lien for back and delinquent taxes to the amount of $78.82 alleged to be due on the land. There was no service of summons, but there was an order of publication directed to the defendants named in that suit; there was no appearance of defendants. Judgment decreeing the lien for taxes as prayed was rendered by default and special execution awarded. Under that execution the land was exposed to public sale and struck off to John W. Dunaway, to whom the sheriff executed a deed which was duly recorded. Whatever title passed to Dunaway at that sale has since passed and is now held by the defendant Manewal in this suit.

So much of the land in suit as lies in section 7 was purchased from the United States by George Hake. By deed dated January 31, 1860, recorded March 7, 1860, George Hake and wife conveyed it to Charles B. Burkham, the plaintiff. So the title to that part of the land stood on the record on January 17, 1878, when a suit was filed in the circuit court in the name of the State at the relation of the county collector, plaintiff, against C. B. Burkham, defendant, to subject the land to a lien for taxes for the years 1868, 1872, 1873 and 1874, amounting to $20.87 alleged to be due on the land. There was no service of summons in that case, but

there was an order of publication in which the defendant therein was described as C. B. Burkham. There was no appearance entered and judgment by default was rendered declaring the lien established and awarding special execution thereon. Under that execution the land was exposed to public sale and it was struck off to certain parties for the sum of five dollars, to whom the sheriff executed a deed dated March 29, 1879, which was afterwards, to-wit, September 11, 1880, duly recorded. Whatever title the purchasers at that sale acquired has passed by subsequent deeds and is now held by the defendant in this suit.

The plaintiff has paid no taxes on the land, since 1867; the defendant since his purchase has paid taxes on the land lying in sections 5 and 6 to the amount of $35.35, and on that lying in section 7 to the amount of $20.74. Plaintiff makes no offer to refund the taxes paid by defendant or by those under whom he claims.

The decree of the court was to the effect that the land belonged to the plaintiff and that defendant had no interest in it. From that judgment comes this appeal.

I.   Appellant does not very seriously contend that any title passed by the sheriff's sales under the special executions in the back-tax suits. There is really no room for such a contention. When those tax suits were instituted the lands stood on the record in the name of Charles B. Burkham. There was therefore no excuse for not describing him by his full Christian name as the record owner of the land. In the suit aimed to affect the land in sections 5 and 6 this plaintiff was not mentioned at all either by name or initial, and in the suit involving the land in section 7, his Christian name was indicated by initials only. The law on the subject of notice given to the owner in such case by publication, when the initials of his Christian name only are given, has been heretofore thoroughly discussed by this court,

and the law as we have declared it will be found by reference to the following cases: Skelton v. Sackett, 91 Mo. 377; Elting v. Gould, 96 Mo. 541; Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 327, l. c. 344; Spore v. Ozark L. Co., 186 Mo. 656; Gillingham v. Brown, 187 Mo. 181.

The doctrine of those cases is that, where, as in this case, the record title to the land gives the owner's full Christian name, notice by publication addressed to him by the initials of that name only is not sufficient to give the court jurisdiction over him and therefore a judgment by default on such notice, as to him and his interest, is void. If the owner is known only by the name given in the title record and the name is there given by initials only, as it was in the case of Elting v. Gould, above cited, that fact makes an exception. The decision in Mosely v. Reily, 126 Mo. 124, is not in conflict with this rule of law. In that case both parties were claiming title from the same man, one by a deed from him in which he signed only the initials of his Christian name, and the other through a sheriff's deed under a tax judgment obtained by default on notice through an order of publication describing him by the same initials; the court held that the party who claimed under the personal deed signed with the initials only could not collaterally attack the validity of the sheriff's deed on the ground that it was based on an order of publication giving the same initials.

We hold that the judgments in the tax suits in the case at bar were void.

II. But appellant does seriously insist that respondent has slept too long on his rights, that he has paid no taxes on the land since 1867, and now should not be allowed to have the tax deeds cancelled without tendering to defendant the money paid out by him for taxes.

This is wild land, it has never been in the actual

occupation of any one. Plaintiff for that reason could not have sued defendant or any one through whom defendant claims in ejectment, and, being out of actual possession himself, the plaintiff could not, until the enactment of the statute under which he now sues, have maintained a suit in equity to remove the cloud from his title. [Graves v. Ewart, 99 Mo. 13, l. c. 18.]

It was not until 1897 that the statute which is now section 650, Revised Statutes 1899, was passed, which authorized one holding the legal title to land, but out of possession, to maintain a suit to quiet his title.

Section 9319, Revised Statutes 1899, declares that any one putting a tax deed on record shall be deemed to have set up such a title to the land as will enable one claiming to own the same to maintain a suit for the possession thereof against the grantee in such deed or one claiming under him. That statute was first enacted in 1872, and has been in our books ever since. [Laws 1871 -2, p. 130.] It was intended to affect rights growing out of sales of lands for taxes under the law as it then was. At the date of that act the system of collecting delinquent taxes by suits in the circuit court as we now have it had not been adopted; the present system was adopted in 1877. [Laws 1877, p. 386.] It has been decided by this court in Childers v. Schantz, 120 Mo. 305, and Vastine v. Laclede L. & I. Co., 135 Mo. 145, that section 9319 does not apply to a sheriff's deed under special execution to enforce a judgment in a back tax suit.

The plaintiff could not have brought his suit before the act of 1897 gave him the right to do so, and since he has brought it within five years of that time he is not barred by the Statutes of Limitations, and is not guilty of such laches as would bar him in equity, even if this were a suit in equity.

III. Appellant thinks that as he has paid taxes on this land he ought to be subrogated to the rights of the

State and have a lien declared for the amount of his outlays. At the time appellant paid these taxes there was no law in this State giving him a lien on the land for any such purpose. [Rowe v. Current River L. & C. Co., 99 Mo. App. 158.] There was no such relation between him and the plaintiff as would suggest the idea that he was paying the taxes at the request or for the benefit of plaintiff. The contrary appears; he was aiming to help himself only. One who, unsolicited, and with no interest of his own to protect and no obligation to do so, pays the taxes due on the lands of another is a mere volunteer, and acquires thereby no right as against the owner.

Appellant relies on the act of 1903 (Laws 1903, p. 254), which declares that no one shall maintain a suit at law or in equity to set aside a tax deed unless in his petition he offers to refund the taxes paid by the defendant and those under whom he claims. But that act was not passed until after this suit was begun and it had not gone into effect when the judgment appealed from was rendered; it, therefore, has no influence on the rights of the parties in this case.

There is no error in the record. The judgment is affirmed.

All concur.