CHRISTY WALL et al., Appellants, v. LEWIS M. HANFORD, Respondent.

**Springfield Court of Appeals, April 4, 1910.**

1. **REAL ESTATE: Destruction of Records.** When the grantees once record their deed, they have done all the law requires and, though the records be subsequently destroyed, legal notice of the recorded deed is still imparted to the world.

2. ————: **Payment of Taxes: Right to Reimbursement.** Where a person without request and unsolicited pays the taxes due on the lands of another, he acquires no right as against the true owner, nor is he entitled to any lien upon the land for the amount of the taxes paid.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED (*as modified*).

*W. P. Elmer* for appellants.

(1) Payment of taxes made by defendant and those under whom he claims title without the request of plaintiffs or promise to reimburse them are voluntary and cannot be recovered back. Napton v. Seaton, 71 Mo. 369; Cooley on Taxation, 467; Rowe v. C. R. L. & Co., 99 Mo. App. 164; Petring v. C. R. L. & Co., 111 Mo. App. 373; Brown v. Current R. L. & C. Co., 100 Mo. App. 75; Burkham v. Manewal, 195 Mo. 500; Carter v. Phillips, 49 Mo. App. 320; Hoarstick v. Gabriel, 200 Mo. 237; Manwaring v. Lumber Co., 200 Mo. 718. (2) Plaintiffs' deed was executed by defendant's ancestor and grantor May 1, 1860, was recorded May 11, 1860. The deed records of Dent county, Missouri, were destroyed by fire May 3, 1866. The records, though burned, imparted notice to defendant of plaintiffs' title. Wier v. Lumber Co., 186 Mo. 388; Crane v. Dameron, 98 Mo. 567; Greer v. Missouri L. & M. Co., 134 Mo. 85; Manwaring v. Lumber Co., 200 Mo. 718.

*E. W. Bennett* and *Harry Clymer* for respondent.

Where one in good faith, believing himself to be the owner of land, pays the taxes upon it, and afterwards the land is adjudged to belong to another, the law raises an implied promise on the part of the other to reimburse the one who has paid the taxes, and on such implied promise an action will lie.  So where the person in the honest belief that he is the owner thereof pays the taxes and discharges the lien thereon, he will be subrogated to the tax lien.  22 Am. and Eng. Ency. of Law, 749; Goodnow v. Moulton, 51 Iowa 555; Schaefer v. Causey, 8 Mo. App. 144; Railroad v. Skinner, 9 Mo. App. 199; Brown v. Finley, 51 Neb. 565; Peary v. Field, 30 Ark. 600; Sharp. v. Thompson, 100 Ill. 447; Gooman v. Malcolus, 9 Kan. App. 887.

GRAY, J.—The United States issued a patent September 1, 1859, to George P. Wetmore, to two hundred and eighty acres of land in Dent county, Missouri. Wetmore, on May 3, 1860, conveyed the land to James Devoy and Christy Wall.  That deed was filed for record May 11, 1860, and duly recorded.  On the 3d day of May, 1866, the records of deeds in Dent county were totally destroyed by fire, and this deed was again filed for record January 23, 1908.

George P. Wetmore, by will, dated, July 26, 1869, devised by general words all of his estate to his wife and three children.  Subsequent to the making of this will and the death of said Wetmore this tract of land has gone through the course of being transferred by four other wills, and like the first will, none of them described the land, but devised by general words.  The defendant, when the suit was commenced, claimed through this chain of title, and but for the deed of George P. Wetmore, would have been the owner of the property.

This suit was instituted by Christy Wall and the

heirs of James Devoy, on July 15, 1907, for the purpose of determining title to said land. The defendant answered, claiming title, and further alleging that he, and those under whom he claimed, had expended and paid out, the sum of $200.41 in discharge of taxes assessed against said land from 1869 to 1908. The answer further alleged that prior to the bringing of this suit, plaintiffs had abandoned any claim to the land and neglected to pay off and discharge the taxes, and asked that on account of neglect and failure of the plaintiffs to claim said land or to pay said taxes, that they were legally estopped from making or asserting any claim to any part of said land. The answer further averred that if the court found the plaintiffs were the owners of the land, then that they be required to reimburse the defendant for said taxes and interest, amounting in all to $487.62, and that the same be declared a lien against the land.

The judgment of the court was for the plaintiffs as to the title, but found for the defendant as to the taxes, and declared the same to be a lien upon the real estate, and from this judgment, the plaintiffs appealed.

The land is wild, unoccupied, and has never been in the actual occupation of any person.

The destruction of the records containing the record of the deed, did not destroy the deed or the legal notice it imparted. The grantees in that deed did all the law required of them when they caused it to be placed upon record and it was no fault of theirs that this record was destroyed. [Manwaring v. Missouri Lumber & Mining Co., 200 Mo. 718, 98 S. W. 762; Crane v. Dameron, 98 Mo. 567, 12 S. W. 251; Geer v. Lumber Co., 134 Mo. 85, 34 S. W. 1099.]

With the law standing as declared by the Supreme Court in the cases above cited, the issues now involved are to be decided as though the records had not been destroyed. The respondent urges that in as much as he had paid the taxes on the land, he ought to be sub-

rogated to the rights of the State, or that he should have a lien declared for the amount of his outlays. There is no law in this State giving him a lien on the land for any such purposes. There was no such relation between him and the plaintiffs as would suggest the idea that he was paying these taxes at their express or implied request, or that he was paying them for their benefit. The fact is, he had nothing of the kind in mind, and one who, unsolicited, and with no interest of his own to protect and no obligation to do so, pays the taxes due on the lands of another, is a mere volunteer, and acquires thereby no right as against the owner. [Burkham v. Manewal, 195 Mo. 500, 94 S. W. 520; Petring v. The Land & Cattle Co., 111 Mo. App. 375, 85 S. W. 933.]

The respondent contends that in equity, he should have the money refunded he has paid for the taxes; that during all these years he has protected the title to the plaintiffs' property by paying the taxes, so that the same has not been sold to satisfy the State's lien. The doctrine of equitable lien has its prescribed boundaries. As said by the Supreme Court in Capen v. Garrison, 193 Mo. l. c. 349, 92 S. W. 368: "It is not a limitless remedy to be applied according to the measure of the conscience of the particular chancellor, any more than, as an illustrious law-writer said, to the measure of his foot." Equity follows the law, and regardless of what the earlier decisions in this State may declare, for many years past the appellate courts have laid down the rule without exception, where one person without request, but unsolicited, pays the taxes due on the lands of another, acquires no right as against the true owner. [Rowe v. Current River Land and Cattle Co., 99 Mo. App. 158, 73 S. W. 362; Burkham v. Manewal, supra; Carter v. Phillips, 49 Mo. App. 319.]

The judgment of the circuit court is, therefore, modified by vacating and annulling that part of it

which declares a lien on the land in question in favor of the defendant for the sum of $487.62, paid by defendant for taxes, and as thus modified, the judgment is affirmed. All concur.