## JOHN C. PODESTA et al., Appellants, v. UNION LAND COMPANY, Respondent.

Springfield Court of Appeals, January 3, 1911.

1. REAL PROPERTY: Suit to Quiet Title: Lien for Taxes. In a suit instituted in 1906, under section 650, Revised Statutes 1899, to quiet title to real estate, the court found the title to be in plaintiffs, but declared a lien on the land in favor of defendant for certain taxes paid by defendant. *Held*, that prior to the amendment of the above section in 1909, the court had no authority to do more than ascertain and determine the title, and that liens to which defendant might be entitled under certain circumstances, could not be adjudged.

2. ————: ————: ————. In a suit to quiet title under section 650, Revised Statutes 1899, the trial court found the title to be in plaintiffs, but declared a lien on the land in favor of defendant for certain taxes paid by him. It appeared that the land was wild and uncultivated and that plaintiffs were the minor children of the original owner; that it had been sold by the administrator of the deceased owner at a private sale for one-seventh of its appraised value, and the evidence did not show that plaintiffs received any of the purchase price, or that it was used to pay the father's debts. The defendant claimed under a deed from the administrator's grantee, and

had paid all delinquent taxes to protect its own title. *Held*, that under the evidence defendant was a mere volunteer so far as plaintiffs were concerned in the payment of the taxes, and was not entitled to a lien on the land for the taxes so paid.

Appeal from Jefferson Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED.

*Arthur T. Brewster* and *Sam M. Brewster* for appellants.

(1) The court erred in granting the lien for the reason that it is not sustained by either the pleading, law or evidence. Estes v. Alexander, 90 Mo. 458; Throckmorton v. Pence, 121 Mo. 57; Cunningham v. Edsall, 200 Mo. 197; Burkham v. Manewal, 195 Mo. 500; Haarstick v. Babriel, 200 Mo. 237; Rowe v. River Co., 99 Mo. App. 158; Petering v. River Co., 111 Mo. App. 272; Foley v. Boulware, 86 Mo. App. 682; Delassus v. Paston, 21 Mo. 545; Capen v. Garrison, 193 Mo. 335; Wall v. Hanford, 127 S. W. 111. (2) The court erred in rendering that part of its decree granting the lien for the reason that it is not responsive to the pleadings upon which the case is tried. Newman v. Keaton, 79 Mo. 385; Irwin v. Childs, 28 Mo. 578; Schneider v. Patton, 175 Mo. 723; Roden v. Helm, 192 Mo. 93; Black v. Early, 208 Mo. 313; Reed v. Bott, 100 Mo. 66; Kilpatrick v. Wiley, 197 Mo. 162.

*Kleinschmidt & Reppy* for respondent.

If an administrator's deed fails to pass title by reason of a defect in the proceedings on which it is founded, the heirs of the intestate will still not be permitted to recover the land without reimbursing the purchaser for the purchase money and any taxes paid by him with interest on both. Velle v. Fleming's Heirs,

29 Mo. 152; Schafer v. Causey, 8 Mo. App. 142; Cunningham v. Anderson, 107 Mo. 377; Patillo v. Martin, 107 Mo. 653; Shroyer v. Nickell, 55 Mo. 264; Shroyer v. Nickell, 67 Mo. 589; Jones v. Mauley, 58 Mo. 559; Huff v. Price, 50 Mo. 228; Evans v. Snyder, 64 Mo. 516; Henderson v. Langley, 76 Mo. 228; Sims v. Gray, 66 Mo. 614; Mobley v. Nave, 67 Mo. 546; Railroad v. Shortridge, 86 Mo. 662; 2 Woerner's Am. Law Adm., 1080-1081; Capen v. Garrison, 193 Mo. 344; Henry v. McKelvie, 78 Mo. 428; Throckmorton v. Pence, 121 Mo. 57.

GRAY, J.—This suit was instituted on the 7th day of December, 1906, in the circuit court of Jefferson county, under the statute to quiet title to real property (sec. 650, R. S. 1899). The judgment of the court was for the plaintiffs as to the title, but for the defendant as to certain taxes paid by it, and declared the same to be a lien upon the real estate, and from this judgment the plaintiffs appealed.

Louis Podesta died about the year 1880, and at the time of his death was the owner of the land described in the petition. He left a widow, who died January 2, 1905, and five minor children, who are the plaintiffs in this case. In 1881 the land was sold at private sale to one Charles T. Biser, by the administrator of Louis Podesta's estate. The land had been appraised at the sum of two hundred and sixteen dollars and sold for thirty dollars. At the time the land was sold, the taxes on it were delinquent from 1869. The defendant secured a warranty deed to the land from Biser, and at the trial claimed to be the owner. The evidence shows that while a warranty deed was made by Biser to the defendant, the defendant simply took the property off Biser's hands at the price Biser had paid for it. Mr. Coe, who was the president of the defendant company, testified that his company bought the land "subject to all the taxes and the title." The de-

fendant paid the back taxes on the land and all taxes assessed against it since, until the institution of this suit.

The land is wild, unoccupied and has never been in the actual possession of any person. There is no evidence that any part of the thirty dollars, for which the administrator sold the land, was ever received by any of the plaintiffs, or was used in the payment of their father's debts. There was no such relation between the defendant and the plaintiffs as would suggest the idea that the defendant was paying the taxes at their request, or that the same were being paid for the plaintiffs' benefit. On the contrary, the defendant was only protecting its own interest, and so far as the plaintiffs were concerned, was a mere volunteer.

Our Supreme Court has held in a number of cases that in an action to quiet title under the above statute, there is no authority for the court to do more than to ascertain and determine, define and adjudge the title, and that liens to which the defendant might be entitled under certain circumstances, cannot be adjudged or declared. [Powell v. Crow, 204 Mo. 481, 102 S. W. 1024; Meriwether v. Overly, 129 S. W. 1; Seidel v. Cornwell, 166 Mo. 1. c. 55, 65 S. W. 971; Wilson v. Lubke, 176 Mo. 1. c. 217, 75 S. W. 602.]

In 1909 (Session Acts of that year, page 343) the Legislature amended the statute so as to permit, in a suit brought under it, the adjustment of liens and claims to which the parties might be entitled. In enacting the amendment, the Legislature must have had in view the decisions of the Supreme Court holding that under the statute as it existed prior to the amendment, liens could not be adjusted.

In addition to the above, the defendant, under the facts in this case, was not entitled to have a lien on the land for the taxes paid. [Wall v. Hanford, 127 S. W. 111; Burkham v. Manewal, 195 Mo. 500, 94 S. W. 520; Petring v. Land & Cattle Co., 111 Mo. App. 375, 85

S. W. 933; Rowe v. Current River Land & Cattle Co., 99 Mo. App. 158, 73 S. W. 362.]

The judgment of the circuit court is therefore, modified by vacating and annulling that part of it which declares the lien on the land in favor of the defendant, and as thus modified, it is affirmed. All concur.